## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT STOUD                             CIVIL ACTION
324 Maple Street
Montrose, PA 18801

       Plaintiff                           No.

    v.                                           JURY TRIAL DEMANDED

SUSQUEHANNA COUNTY
P.O. Box 218
31 Lake Avenue
Montrose, PA 18801

COMMISSIONER
ELIZABETH ARNOLD
P.O. Box 218
31 Lake Avenue
Montrose, PA 18801

COMMISSIONER
MARYANN WARREN
P.O. Box 218
31 Lake Avenue
Montrose, PA 18801


                                        (Electronically Filed)
      Defendants

# COMPLAINT

The Plaintiff, Robert Stoud, by and through his counsel, Mazzoni, Karam, Petorak, and Valvano, hereby complains of the Defendants, Susquehanna County, Commissioner Elizabeth Arnold, and Commissioner MaryAnn Warren (hereinafter "Defendants"), as follows:

## Introduction

1. Plaintiff, (hereinafter "Plaintiff" or "Stoud"), initiates this action to seek redress against the Defendants, his employer, for a hostile work environment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), and other applicable federal and state law.

## Parties

2. Plaintiff, Robert Stoud, is an adult, competent individual who currently resides at 324 Maple Street, Montrose, Pennsylvania.

3. Defendant, Susquehanna County, is a municipality organized by and through the Commonwealth of Pennsylvania that regulates and implements customs, policies, and practices and that directs, manages, and controls the customs, policies, practices, and employees of Susquehanna County.  At all times

relevant hereto, Defendant Susquehanna County was acting under color of state law.

4. Defendant, Commissioner Elizabeth Arnold, is a Susquehanna County Commissioner, who is/was employed by Defendant Susquehanna County, is and/or was under the command and authority of Defendant Susquehanna County, and who regulated and implemented customs, practices, and policies of Defendant Susquehanna County. At all times relevant hereto, Defendant Arnold was acting under color of state law and pursuant to the custom, policy, and/or practice of Defendant Susquehanna County. Defendant Arnold is being sued in her individual, supervisory, and all other official capacities as Commissioner.

5. Defendant, Commissioner MaryAnn Warren, is a Susquehanna County Commissioner, who is/was employed by Defendant Susquehanna County, is and/or was under the command and authority of Defendant Susquehanna County, and who regulated and implemented customs, practices, and policies of Defendant Susquehanna County. At all times relevant hereto, Defendant Warren was acting under color of state law and pursuant to the custom, policy, and/or practice of Defendant Susquehanna County. Defendant Warren is being sued in her individual, supervisory, and all other official capacities as Commissioner.

6. Defendant, Susquehanna County, is an "employer" within the meaning of Title VII and the PHRA.

7. At all relevant times, Defendant Susquehanna County acted or failed to act through its agents, employees and servants, each of whom was in the scope of their employment with Defendant Susquehanna County.

**Jurisdiction and Venue**

8. The Court has personal jurisdiction over the Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendants.

9. The subject-matter jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States and Plaintiff seeks redress for violations of civil rights, and pursuant to the provisions of 28 U.S.C. §1367 as to Plaintiff's state law claims under the PHRA, by means of supplemental jurisdiction.

10. Venue is proper in this judicial district because all or a substantial part of the events and omissions giving rise to the claims occurred in this district and because Defendant conducts business in this judicial district.

## Procedural and Administrative Remedies

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

12. Plaintiff has complied with all statutory prerequisites to the filing of this action by timely filing a charge with the Equal Employment Opportunity Commission ("EEOC"), requesting and receiving from the EEOC a Notice of Right to Sue and timely filing this action within ninety (90) days of the receipt of said EEOC Notice.

13. Plaintiff exhausted his administrative remedies as to the allegations of the instant Complaint.

## Factual Background

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

15. Plaintiff was hired in September 2012 as Susquehanna County Emergency Management Coordinator.

16. In December 2012, Plaintiff was given a new position, Director of Public Safety for Susquehanna County.

17. In June 2014, Plaintiff was promoted to Acting Chief Clerk of Susquehanna County and became the Chief Clerk in January 2016.

18. In December 2015, Plaintiff was contacted by his Administrative Assistant, Maggie McNamara, regarding an incident of unwanted advances by Susquehanna County Director of Veterans Affairs Richard Ely ("Ely").

19. McNamara alleged that Ely, after work, leaned into her open car window and made improper advances towards her.

20. Stoud reported this incident to the Defendant Commissioners and issued Ely a written reprimand.

21. Following the reporting of this incident, Plaintiff noticed an increasing and constant harassment of McNamara by the Commissioners.

22. Plaintiff also found himself subject to harassment and retaliation after reporting the McNamara incident.

23. In May 2016, Plaintiff informed Susquehanna Commissioner Alan Hall ("Commissioner Hall") that he believed he was facing retaliation for defending McNamara from the harassment she was receiving.

24. The retaliatory and harassing actions against Plaintiff included, but were not limited to, personal and derogatory comments made against him by Defendant Commissioner Arnold and Defendant Commissioners Arnold and Warren undermining his authority as Chief Clerk.

25. On or about June 7, 2016, Plaintiff again complained to Defendant Commissioners of a hostile work environment due to Defendant Commissioners Arnold and Warren again making personal and derogatory comments about him and the two intimating he was conducting an improper relationship with a co-worker.

26. That same day, June 7, 2016, Defendant Commissioner Arnold confronted Plaintiff informing Plaintiff she was unhappy that Plaintiff made the hostile work environment complaint. After this meeting, Defendant Commissioner Arnold went to another employee and indicated she wanted Plaintiff fired.

27. Following the meeting of June 7, 2016, Plaintiff was instructed by Defendant Commissioners to conduct "write-ups" of both himself and McNamara and was informed that if Plaintiff did not comply, McNamara would be terminated immediately. Plaintiff completed these write-ups under duress.

28. On June 22, 2016, Defendant Commissioner Arnold again, for at least the third time, implied Plaintiff was involved in an inappropriate relationship with a co-worker.

29. On July 13, 2016, Defendant Commissioner Arnold informed Commissioner Hall that she wanted to eliminate the Director of Public

Safety Position that Plaintiff intended to return to after serving as Chief Clerk.

30. Plaintiff submits that this decision by Defendant Commissioner Arnold was personal and retaliatory towards Plaintiff.

31. On or about October 26, 2016, Defendant Commissioner Arnold, with Defendant Commissioner Warren present, entered Plaintiff's office and engaged in an unprovoked verbal attack on Plaintiff. Other employees witnessed said attack and Plaintiff documented the incident in a letter to all Commissioners.

32. Puzzlingly, after this incident, Defendant Commissioner Arnold demanded an apology from Plaintiff. When Plaintiff refused, Defendant Commissioner Arnold slammed the door to Plaintiff's office.

33. The October 26th incident was documented by Plaintiff with letters to the Commissioners and their solicitor.

34. Plaintiff was then ordered by Commissioner Hall and Defendant Commissioner Warren to have the County HR Director with Plaintiff at all times when Plaintiff interacted with Defendant Commissioner Arnold.

35. On or about October 31, 2016, Defendant Commissioner Arnold was informed via letter from Commissioners Hall and Warren that Arnold's

actions towards Plaintiff were harassing and retaliatory and must stop immediately.

36. On or about January 9, 2017, Defendant Commissioners Warren and Arnold, in violation of county policy, demanded to view all emails between Plaintiff and McNamara since McNamara left her assistant position for a position in the Susquehanna County District Attorney's Office.

37. Plaintiff submits that Defendant Commissioners Warren and Arnold wanted to review the aforesaid emails for personal, retaliatory, and harassing reasons.

38. On or about April 3, 2017, Defendant Commissioner Arnold spoke to Plaintiff's subordinates and inquired if Plaintiff's job was necessary.

39. On or about April 16, 2017, Plaintiff left his position as Chief Clerk to become Chief County Detective in the Susquehanna County District Attorney's Office. Plaintiff would serve the dual role of Chief County Detective and Director of Public Safety.

40. Despite Plaintiff leaving the position of Chief Clerk, the harassment by Defendant Commissioners Arnold and Warren did not stop as they scrutinized Plaintiff's office location, undermined his authority, and caused distress in Plaintiff's new position.

41. The harassment and retaliation suffered by Plaintiff was as a result of his defense of a protected person, Maggie McNamara, who was subjected to sexual harassment, retaliation, and harassment.

42. The harassment and retaliation suffered by Plaintiff was a result of his assistance and/or participation in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII.

43. The harassment and retaliatory actions against Plaintiff by Defendant Commissioners Warren and Arnold increased upon Plaintiff notifying the Equal Employment Opportunity Commission.

44. Plaintiff left the position of Chief Clerk because he could no longer be subjected to the hostile work environment created by Defendant Commissioners Arnold and Warren.

## COUNT I – TITLE VII/RETALIATION

### Plaintiff v. All Defendants

45. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

46. Pursuant to the provisions of Title VII, it is unlawful to retaliate against any individual because he has assisted and or participated in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII.

47. In assisting or participating in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII, Plaintiff engaged in an activity protected under Title VII.

48. In retaliation for Plaintiff's assistance and participation, Defendants subjected him to constant harassment regarding the performance and security of his job.

49. The conduct of Defendant has denied and continues to deny Plaintiff his civil rights guaranteed by Title VII.

50. The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of the Plaintiff's employment with Defendant and were carried out by the Defendant and its agents, servants and employees.

51. As a direct and proximate result of the foregoing conduct, Plaintiff suffered damages.

52. The actions described herein, in violation of the civil rights of the Plaintiff, were committed by the Defendants because of Plaintiff's assistance and participation in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII, and have caused Plaintiff past and future economic and non-economic harm and damages.

WHEREFORE, the Plaintiff, Robert Stoud, respectfully requires that this
Honorable Court enter judgment in his favor and against the Defendants and
enter an Order providing that:

a.  The Defendant has engaged in practices which are discriminatory and in
    violation of Title VII of the Civil Rights Act of 1964;

b.  The Defendant be enjoined from engaging in the  harassment of its
    employees;

c.  The Defendant be enjoined from discriminating and retaliating against its
    employees on the basis of assistance and participation in an investigation,
    proceeding, and/or hearing regarding practices made unlawful by Title
    VII;

d.  The Defendant compensate, reimburse and/or pay back the Plaintiff for
    any and all pay and benefits he would have received had it not been for
    the Defendant's illegal actions;

e.  The Defendant to pay Plaintiff compensatory damages including, but not
    limited to, pain, suffering, humiliation, mental anguish and emotional
    distress caused to him by Defendant's acts and omissions;

f.  The Defendant to pay Plaintiff punitive damages;

g.  The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h.  The Defendant to reinstate Plaintiff with all pay and benefits which he would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i.  This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j.  This Court order such other and further relief as may be just and equitable.

## COUNT TWO – TITLE VII – DISCRIMINATION/HOSTILE WORK ENVIRONMENT

### Plaintiff v. All Defendants

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

54. The actions and conduct of Defendants created an intimidating, hostile and offensive work environment based Plaintiff's assistance or participation in an investigation, proceeding, and /or hearing regarding practices made unlawful by Title VII.

55. Submission to Defendants' intimidating, abusive and hostile behavior was made a condition of Plaintiff's employment with Defendant.

56. The Plaintiff suffered intentional harassment because of his protected action.

57. The foregoing harassment would offend a reasonable person.

58. The foregoing harassment offended and had the purpose and effect of unreasonably interfering with Plaintiff's work performance.

59. The foregoing harassment was severe, pervasive, and regular.

60. The harassment had detrimental effects on the Plaintiff.

61. The harassment would detrimentally affect a reasonable person in the same position.

62. Defendants knew or should have known of the intimidating, abusive and hostile conduct and should have taken prompt and appropriate remedial action to eradicate and prevent such behavior but failed to do so.

63. The conduct of the Defendants further violated Title VII in that:

a. Defendants failed to investigate thoroughly and promptly the complaints of Plaintiff;

b. Defendants failed to take appropriate remedial action to prevent the harassment and discrimination from continuing;

c. Defendants failed to disseminate a harassment policy and/or failed to enforce an appropriate harassment policy, thereby exhibiting a deliberate indifference to Plaintiff's federally protected rights;

d. Defendants failed to properly train and supervise its employees; and

e. Defendants failed to take appropriate steps to stop discriminatory, abusive, hostile and retaliatory conduct.

64. The conduct of Defendants has denied Plaintiff his civil rights guaranteed under Title VII.

65. As a direct and proximate result of the foregoing conduct, Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Robert Stoud, respectfully requires that this Honorable Court enter judgment in his favor and against the Defendants and enter an Order providing that:

a. The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b. The Defendant be enjoined from engaging in the harassment of its employees;

c. The Defendant be enjoined from discriminating and retaliating against its employees on the basis of assistance and participation in an investigation,

proceeding, and/or hearing regarding practices made unlawful by Title VII;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits he would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which he would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i. This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j. This Court order such other and further relief as may be just and equitable.

# COUNT THREE – PA HUMAN RELATIONS ACT/RETALIATION

## Plaintiff v. All Defendants

66. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

67. The unlawful employment practices herein stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

WHEREFORE, the Plaintiff, Robert Stoud, respectfully requires that this Honorable Court enter judgment in his favor and against the Defendants and enter an Order providing that:

a. The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b. The Defendant be enjoined from engaging in the  harassment of its employees;

c. The Defendant be enjoined from discriminating and retaliating against its employees on the basis of assistance and participation in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits he would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which he would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i. This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j. This Court order such other and further relief as may be just and equitable.

## COUNT FOUR – PA HUMAN RELATIONS ACT/HOSTILE WORK ENVIRONMENT

### Plaintiff v. All Defendants

68. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

69. The unlawful employment practices herein stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

WHEREFORE, the Plaintiff, Robert Stoud, respectfully requires that this Honorable Court enter judgment in his favor and against the Defendants and enter an Order providing that:

   a. The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

   b. The Defendant be enjoined from engaging in the  harassment of its employees;

   c. The Defendant be enjoined from discriminating and retaliating against its employees on the basis of assistance and participation in an investigation, proceeding, and/or hearing regarding practices made unlawful by Title VII;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits he would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which he would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i. This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j. This Court order such other and further relief as may be just and equitable.

Respectfully Submitted:

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
Atty. ID# PA 49625

/s/ Christopher J. Szewczyk, Esquire
Christopher J. Szewczyk, Esquire
Atty. ID # PA 306689
Mazzoni, Karam, Petorak, and
Valvano
321 Spruce Street
Suite 201
Scranton, PA 18503
P:  (570) 348-0776
F:  (570) 348-2755