UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, ET AL., | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendants | : | |

BRIEF IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS
PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)

Defendants, Susquehanna County, Commissioner Elizabeth Arnold and Commissioner Mary Ann Warren, through their attorneys, Kreder Brooks Hailstone LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Brief in Support of the Motion to Dismiss Plaintiff's Complaint.

TABLE OF CONTENTS

Page

I. Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Questions Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.    Whether the Susquehanna County Defendants' Motion to Dismiss must be granted because Plaintiff suffered no tangible employment action?

    2.    Whether the Susquehanna County Defendant's Motion to Dismiss must be granted because Plaintiff has not supported a claim for punitive damages?

    3.    Whether Commissioners Arnold and Warren should be dismissed in their individual, supervisory and official capacities because Title VII does not impose liability on individuals?

III. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

I.      **Facts:**

This is an action to recover damages for alleged violations of Plaintiff's constitutional rights under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA). Plaintiff alleges that at various times materially relevant to his claim he was employed as Chief Clerk of Susquehanna County, Chief County Detective of Susquehanna County and Director of Public Safety of Susquehanna County. He alleges that he participated in an investigation of sexual harassment and as a result he was in turn harassed. Plaintiff does not allege any adverse employment action taken by his employers against him.

## II.   Questions Presented:

1. Whether the Susquehanna County Defendants' Motion to Dismiss must be granted because Plaintiff suffered no tangible employment action?

2. Whether the Susquehanna County Defendant's Motion to Dismiss must be granted because Plaintiff has not supported a claim for punitive damages?

3. Whether Commissioners Arnold and Warren should be dismissed in their individual, supervisory and official capacities because Title VII does not impose liability on individuals?

**III.    Standard of Review:**

The Susquehanna County Defendants' Motion to Dismiss is brought pursuant to the provisions of F.R.C.P. 12(b)(6). This Rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The Third Circuit Court of Appeals, in McTernan v. City of York, 577 F.3d 521, 530 (3d Cir.2009), set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions Bell Atlantic Corp. v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). The McTernan Court found that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at570). The Court stated "only a complaint that states a plausible claim for relief survives a motion to dismiss" and that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The McTernan Court provided a road map for district courts presented with a motion to dismiss for failure to state a claim; district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be

3

separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Iqbal,129 S.Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Philips v. Co. of Allegheny, 515 F.3d 224, 234-35 (3d Cir.2008). As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

4

**IV.     Argument:**

    **1.     The Susquehanna County Defendants' Motion to Dismiss must be granted because Plaintiff suffered no tangible employment action.**

The United States Supreme Court in the companion cases of *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) established the requirements for an employee to impute liability upon his employer for under Title VII. The Supreme Court required that the employee experience a "tangible employment action" or "tangible job consequences" for the employer to be liable. See also, Jones v. Southeaster Pa. Transp. Authority, 796 F. 3d 323, 328 (3d Cir. 2015). Here, Plaintiff has not even pled that he experienced a "tangible employment action" or a "tangible job consequence". In fact, according to his Complaint, the Plaintiff left the position of Chief Clerk and returned to the position of Director of Public Safety and Chief County Detective, with no consequences to his salary or benefits.

Stoud has not alleged that he suffered a "tangible employment action." The Supreme Court has defined a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Ellerth, 524 U.S. at 761. The Complaint clearly

establishes that Stoud never incurred a significant change in employment status, change in compensation, change in hours worked, change in benefits, a reassignment or a failure to promote. Stoud voluntarily left the position of Chief Clerk to become Chief County Detective. Complaint ¶ 39. He would also take on the role of Director of Public Safety for the County. Id. The position of Director of Public Safety was a role Plaintiff intended to return to after serving as Chief Clerk. Complaint ¶ 29. Clearly, Stoud had plans to eventually leave the position of Chief Clerk and return to the position of Director of Public Safety. His Complaint clearly states that this is exactly what happened. The position of Director of Public Safety was available to him when he voluntarily left the job of Chief Clerk. Plaintiff does not allege that his voluntary transfer to the District Attorney's Office was a demotion. Mr. Stoud has not alleged that he lost any benefits or income. In fact, Mr. Stoud got exactly what he wanted, to return to the position of Director of Public Safety.

      Without an allegation of a "tangible employment action" Mr. Stoud's Complaint must be dismissed.

**2. The Susquehanna County Defendant's Motion to Dismiss must be granted because Plaintiff has not supported a claim for punitive damages.**

Punitive damages under the PHRA are not available against municipalities. Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 751 (1998) ("we hold that punitive damages are not available under the [PHRA]."); see also Feingold v. Southeastern Pa. Transp. Auth. 512 Pa. 567, 517 A.2d 1270, 1276–77 (1986) (concluding that it would be "inappropriate to assess punitive damages against SEPTA given its status as Commonwealth agency."). Here, the Defendant employer is the County of Susquehanna, a municipal entity. Therefore, punitive damages are not, as a matter of law, available against the County. Hoy, 720 A.2d at 751.

Punitive Damages are also not available in claims brought under Title VII. Richerson v. Jones, 551 F.2d 918, 926–27 (3d Cir. 1977). ("We are convinced that 42 U.S.C. s 2000e-5(g) cannot be read to allow the award of punitive damages. We are aware that at least one court has interpreted the phrase "any other equitable relief as the court deems appropriate" to include punitive damages. Claiborne v. Illinois Central Railroad, 401 F.Supp. 1022, 1026 (E.D.La.1975). Punitive damages, however, are a "traditional form of relief offered in the courts of law," not in the courts of equity. To hold that punitive damages are a form of equitable relief would be a gross distortion of language and of legal history. Nor

7

can the phrase "such affirmative action as may be appropriate" be construed to include punitive damages.)

An award of punitive damages may only be made to a plaintiff who has demonstrated that the defendant's conduct is motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983). Here, Plaintiff has not pled that the County's actions were motivated by evil motive or intent, or that the County's involve reckless indifference to his rights. In fact, Plaintiff has not pled any evidence at all of adverse action taken against him. Accordingly, the County is entitled to dismissal of Stoud's claim for punitive damages.

**3. Commissioners Arnold and Warren should be dismissed in their individual, supervisory and official capacities because Title VII does not impose liability on individuals.**

The Third Circuit has stated "Congress did not intend to hold individual employees liable under Title VII" in dismissing claims against a plaintiff's former supervisor. Sheridan v. DuPont, 100 F.3d 1061, 1078 (3d Cir.1996). There is no individual liability under Title VII. See, Ascolese v. SEPTA, 902 F.Supp. 533

(E.D.Pa.1995); Caplan v. Fellheimer Eichen Braverman and Kaskey, 882 F.Supp. 1529 (E.D.Pa.1995); Verde v. City of Philadelphia, 862 F.Supp. 1329, 1334 (E.D.Pa.1994).

Plaintiff has brought his action against two of the three County Commissioners of Susquehanna County "individually and in their supervisory capacities." Title VII, however, does not allow an action to be brought against a fellow employee or a supervisor. Caplan, 882 F. Supp. at 1531.

Similarly, if individual employees cannot be held liable, individual employers should not held liable either. See Milliner v. Enck, 1998 U.S. Dist. LEXIS 6651 (E.D.Pa.1998); Clarke v. Whitney, 907 F.Supp. 893, 895 (E.D.Pa.1995). Commissioners Arnold and Warren should be dismissed in their official capacity because the only proper defendant in a Title VII case is the employer. Because the only proper defendant in a Title VII case is the "employer," pursuing such claims against individuals in their official capacities would be redundant. Foxworth v. Pennsylvania State Police, Civ. 03–6795, 2005 WL 840374, at *4 (E.D.Pa. Apr. 11, 2005). With respect to Plaintiff's claims against the individual defendant Commissioners in their official capacity, those claims merge with the claim against Susquehanna County, the true "employer" under the Act. Kim v. City of Philadelphia, 1997 WL 277357 (E.D.Pa.1997).

## V. <u>Conclusion</u>:

The Susquehanna County Defendants' Motion to Dismiss must be granted because Plaintiff suffered no tangible employment action. The Susquehanna County Defendant's Motion to Dismiss must be granted because Plaintiff has not supported a claim for punitive damages. Commissioners Arnold and Warren should be dismissed in their individual, supervisory and official capacities because Title VII does not impose liability on individuals.

KREDER BROOKS HAILSTONE LLP


220 Penn Avenue, Suite 200
Scranton, PA 18503            BY: /s/A. James Hailstone
(570) 346-7922                       A. James Hailstone
                                     Attorney I.D. #80055
                                     Attorneys for Defendants
                                     Susquehanna County, Commissioner
                                     Elizabeth Arnold and Commissioner
                                     Mary Ann Warren

## CERTIFICATE OF SERVICE

       AND NOW, this 12th day of February, 2018, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Brief in Support of Motion to Dismiss with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

                                      /s/ A. James Hailstone
                                      A. James Hailstone
                                      Attorney I.D. #80055
                                      Attorneys for Defendants