**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY, et al. | |
| Defendants | No. 3:17-CV-2183-MEM |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COMPLAINT UNDER RULE 12(b)(6)**

**Facts**

On November 29, 2017, the Plaintiff filed his complaint against the Defendants.  The complaint presents the following causes of action:  Count I  –  Title VII/Retaliation; Count II – Title VII/Discrimination/Hostile Work Environment; Count III – PA Human Relations Act/Retaliation; and Count IV – PA Human Relations Act/Hostile Work Environment.

The Plaintiff was the Acting Chief Clerk of Susquehanna County and was promoted to Director of Public Safety/Chief Clerk in January 2016.  In June 2016, Plaintiff was demoted to Director of Public Safety/*Deputy* Chief Clerk.  The Defendants are the County of Susquehanna, as the employer, and two of its Commissioners, Elizabeth Arnold and Maryann Warren.

1

In short, the Plaintiff alleges that after he was made aware of inappropriate conduct by a subordinate and reported the same to the Defendant Commissioners, he was subjected to increasing and pervasive harassment and retaliation by the Defendant Commissioners.

The retaliatory and harassing actions against Plaintiff included, but were not limited to, personal and derogatory comments made against him by Defendant Commissioner Arnold and Defendant Commissioners Arnold and Warren undermining his authority as Chief Clerk.

In June 2016, Plaintiff was demoted from the position of Director of Public Safety/Chief Clerk to Director of Public Safety/Deputy Chief Clerk.  The move was done to allow for the hiring of a Chief Clerk.

## Questions Presented

**Question Presented:**  Whether Plaintiff properly pled claims for retaliation and hostile work environment under Title VII.

**Suggested Answer:**  *In the affirmative.*

**Question Presented:**  Whether Plaintiff properly supports a claim for punitive damages under Title VII.

**Suggested Answer:**  *In the affirmative*

**Question Presented:** Whether Defendant Commissioners Arnold and Warren should be dismissed as a Defendant because Title VII does not impose individual liability.

**Suggested Answer:** *In the affirmative.*

## Standard of Review for 12(b)(6) Motion

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. McTernan v. City of York, 564 F.3d 636 (3d Cir. 2009). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472, 28 (2009).

Although detailed factual allegations are not required, more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief . . . [it] has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

In a Rule 12(b)(6) motion to dismiss, the court will assume the truth of all of the plaintiff's well-pleaded facts and view them in the light most favorable to the plaintiff, and the court will dismiss the complaint only when the plaintiff cannot prove a set of facts, in support of the claim, for which relief can be granted.

Conley v. Gibson, 355 U.S. 41 (1957); City of Philadelphia v. Lead Industries

Ass'n, Inc., 994 F.2d 112 (3d Cir. 1993).

## Argument

## Plaintiff Properly Pled His Causes of Action for Retaliation and Hostile Work Environment under Title VII

Plaintiff's allegations fall into two separate claims under Title VII,

retaliation and hostile work environment.

### *Retaliation*

To assert a Title VII retaliation claim, the Plaintiff must show (1) he

engaged in activity protected by Title VII; (2) the employer took an adverse

employment action against him; and (3) there was a causal connection between

Plaintiff's participation in the protected activity and the adverse employment

action.  Moore v. City of Phila., 461 F.3d 331,340-41 (3d Cir. 2006).  Title VII's

anti-retaliation provision forbids an employer from discriminating against any

employee because he opposed any practice made an unlawful employment practice

by Title VII or because he made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding or hearing under Title VII.  42 U.S.C. §

2000e-3(a).  Acts of retaliation qualify as adverse employment actions if they

might have dissuaded a reasonable worker from making or supporting a charge of

discrimination.  Moore, supra at 341.  For purposes of discrimination claims under

4

Title VII, an adverse employment action may include something less than

discharge, such as a demotion or job transfer, even without a loss of pay or

benefits.  Jones v. School Dist., 198 F.3d 403. 411-12 (3d Cir. 1999).

Here, Plaintiff engaged in an activity protected by Title VII, specifically,

participating in an investigation regarding practices made unlawful by Title VII.

See, Para. 47 of Complaint.  Plaintiff suffered a demotion in June 2016 when he

was transferred from Director of Public Safety/Chief Clerk to Director of Public

Safety/Deputy Chief Clerk.  This action was taken to allow for the hiring of a

Chief Clerk to replace Plaintiff.  This demotion was an adverse employment action

as the case law illustrates.  Further, Defendants' acts of retaliation against Plaintiff

qualify as adverse employment actions because they would have discouraged a

reasonable employee from making or supporting a charge of discrimination.

Finally, there was a clear causal connection as Plaintiff never suffered any

retaliation and discrimination, including the adverse employment action, until he

participated in the protected activity.  See, Para 21 and 22 of Complaint.

The facts show entitlement to relief.  Therefore, the retaliation claim has

been properly pled and Defendants' Motion to Dismiss should be denied.  In the

alternative, should the Court not agree, Plaintiff seeks permission from this

Honorable Court to amend its Complaint accordingly.

*Hostile Work Environment*

In order to establish a hostile work environment claim, a Plaintiff must show that (1) he suffered intentional discrimination because of a protected characteristic; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there's a basis for vicarious liability.  Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir 2001).

Here, Plaintiff's Complaint clearly states he suffered intentional discrimination because he participated in an investigation regarding practices made unlawful by Title VII.  See, Para. 54 of Complaint.  The Complaint also states the discrimination was pervasive and regular.  See, Para. 59 of Complaint.  The Complaint further states the Plaintiff was detrimentally affected by the harassment and it would have detrimentally affected a reasonable person in the same position.  See, Para. 60 and 61 of Complaint.  Finally, there's a basis for vicarious liability as the Commissioners responsible for these action are employees of Susquehanna County.

Therefore, the hostile work environment claim has been properly pled and Defendants' Motion to Dismiss should be denied.  In the alternative, should this Court not agree, Plaintiff seeks permission from this Honorable Court to amend its Complaint accordingly.

**Punitive Damages**

Plaintiff agrees that, pursuant to <u>Hoy v. Angelone</u>, 554 Pa. 134 (1998),

punitive damages are not allowed for claims made under the PHRA.

However, under Title VII, punitive damages are allowed.  A plaintiff in a

Title VII action may recover punitive damages for intentional discrimination where

"the complaining party demonstrates that the respondent engaged in . . .

discriminatory practices with malice or with reckless indifference to . . . federally

protected rights."  <u>Le v. Univ. of Pa.</u>, 321 F.3d 403, 409 n.4 (3d Cir. 2003).  In

<u>Kolstad v. Am. Dental. Assoc.</u>, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494

(1999), the Supreme Court examined the circumstances in which punitive damages

are awarded under Title VII.  The Supreme Court held that Congress created a

"two-tiered structure" for punitive and compensatory damages pursuant to § 1981a,

and held that punitive damages must be based upon a higher standard. The Court

held:

> "The very structure of § 1981a suggests a congressional intent to
> authorize punitive awards in only a subset of cases involving
> intentional discrimination. Section 1981a(a)(1) limits compensatory
> and punitive awards to instances of intentional discrimination, while §
> 1981a(b)(1) requires plaintiffs to make an additional "demonstrat
> [ion]" of their eligibility for punitive damages. Congress plainly
> sought to impose two standards of liability—one for establishing a
> right to compensatory damages and another, higher standard that a
> plaintiff must satisfy to qualify for a punitive award."

A Title VII claim can support an award of punitive damages where the plaintiff shows that an employer "intentionally discriminated with malice or reckless indifference to [his] federally protected rights." Standen v. Gertrude Hawk Chocolates, Inc., Civ. No. 11-cv-1988, 2012 U.S. Dist. LEXIS 113004, 2012 WL 3288916, *12 (M.D. Pa. Aug. 10, 2012) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999)). The terms "malice" and "reckless" inquire into whether the defendant employer has knowledge that he or she may be acting in violation of federal law, not an awareness that he or she is engaging in discrimination. See Kolstad, 527 U.S. at 535.

Here, on numerous occasions, Defendant Commissioners Arnold and Warren were put on notice of their malicious and reckless conduct towards the Plaintiff violated federal law, yet their reckless indifference to Plaintiff's federally protected rights continued. Not only did Commissioner Hall inform Defendant Commissioners of their wrongful actions, but attorneys on numerous occasions advised them to cease their harassing and retaliatory activity. These facts, if proven at trial, would warrant punitive damages under Title VII. Therefore, at this stage, Defendants' Motion to Dismiss must be denied. In the alternative, should this Court not agree, Plaintiff seeks permission from this Honorable Court to amend its Complaint accordingly.

**Dismiss Individual Commissioners**

Plaintiff agrees to the dismissal of the individual commissioners and agrees

that the proper defendant in this action is the employer, Susquehanna County.

Respectfully Submitted:


/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
Atty. ID# PA 49625


/s/ Christopher J. Szewczyk, Esquire
Christopher J. Szewczyk, Esquire
Atty. ID # PA 306689
Mazzoni, Karam, Petorak, and
Valvano
321 Spruce Street
Suite 201
Scranton, PA 18503
P:  (570) 348-0776
F:  (570) 348-2755

## CERTIFICATE OF SERVICE

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 23rd day of February, 2018.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire