UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, ET AL., | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendants | : | |

REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS
PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)
==========

Defendants, Susquehanna County, Commissioner Elizabeth Arnold and Commissioner Mary Ann Warren, through their attorneys, Kreder Brooks Hailstone LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Middle District Local Rule 7.7, hereby files this Reply Brief in Support of the Motion to Dismiss Plaintiff's Complaint.

**Title VII**

Plaintiff, Robert Stoud, on the first page of his Brief in Opposition, contradicts facts pled in his Complaint. Plaintiff states in his Brief in Opposition: "The Plaintiff was the Acting Chief Clerk of Susquehanna County and was promoted to Director of Public Safety/Chief Clerk in January 2016. In June 2016, Plaintiff was demoted to Director of Public Safety/*Deputy* Chief Clerk." Plaintiff's Brief in Opposition, p. 1 (emphasis in the original). Plaintiff again states, on page 5 of his Brief, that "Plaintiff suffered a demotion." Tellingly, Plaintiff does not reference any paragraph from the Complaint to support this assertion. These statements directly contradict the allegations made in the Plaintiff's Complaint.

Paragraphs 25, 26, 27 and 28 of the Complaint detail, at length, Stoud's interaction with Defendant Commissioners Warren and Arnold during the Month of June 2016. Nowhere in any of those paragraphs does Stoud state that he was demoted to Deputy Chief Clerk. In fact, in Paragraph 24 of the Complaint, Stoud alleges that the Commissioners undermined "his authority as Chief Clerk."

Additionally, Stoud alleged in his Complaint that he would return to Director of Public Safety after serving as Chief Clerk. Complaint, ¶ 29. This further contradicts the his statement that he was Director of Public Safety in January of 2016.

Most importantly, for purposes of the Defendants' Motion to Dismiss, is the fact that the words "demote" or "demoted", or any variation or synonym thereof, do not appear anywhere in Plaintiff's Complaint. In fact, Stoud voluntarily left the position of Chief Clerk to become Chief County Detective and took on the dual role of Director of Public Safety. Complaint ¶ 39. He does not plead that he was forced to take the position and never alleges that the took the position under duress. Finally, in Paragraph 40 of the Complaint, Stoud states that the alleged harassment continued "despite leaving the position of Chief Clerk". Complaint ¶ 40.

To constitute an adverse employment action, the action must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir.2001). Plaintiff does not allege in his Complaint that his voluntary transfer to the District Attorney's Office was a demotion. Mr. Stoud has not alleged that he lost any benefits or income.

Even under the Hostile Work Environment standard proposed by Stoud, the Plaintiff must at least plead evidence of some detrimental affect as a result of the alleged environment. Cardenas, at 260.

Without an allegation of a "tangible employment action" or some "detrimental effect" Mr. Stoud's Complaint must be dismissed. He can not, in his

2

Brief in Opposition bring allegations against the Defendants that have not been properly pled in the Complaint.

**Punitive Damages**

Plaintiff has agreed to the dismissal of the Individual Commissioners and agrees with Defendant that the only proper Defendant is the employer, Susquehanna County. Plaintiff's Brief in Opposition, p. 9. Therefore, Plaintiff's claim for punitive damages should be dismissed as they are unavailable in claims under Title VII brought against a government, government agency, political subdivision or municipality.

It is well-settled that where the employer is a municipality, punitive damages are not available under Title VII. Udujih v. City of Philadelphia, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007); 42 U.S.C.A. § 1981a(b)(1); see also, City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Because the only remaining defendant is Susquehanna County, a political subdivision, the punitive damages claim under Title VII should be dismissed.

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503    BY: /s/A. James Hailstone
(570) 346-7922             A. James Hailstone
                           Attorney I.D. #80055
                           Attorneys for Defendants
                           Susquehanna County, Commissioner
                           Elizabeth Arnold and Commissioner
                           Mary Ann Warren

4

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 9th day of March, 2018, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Reply Brief in Support of Motion to Dismiss with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

/s/ A. James Hailstone
A. James Hailstone
Attorney I.D. #80055
Attorneys for Defendants

5