ATTORNEY FOR PLAINTIFFS
Gerard M. Karam
Mazzoni Karam Petorak & Valvano
Suite 201 Bank Towers
321 Spruce St.
Scranton, PA  18503

ATTORNEY FOR DEFENDANTS
A. James Hailstone, Esquire
Kreder Brooks Hailstone LLP
220 Penn Avenue, Suite 200
Scranton, PA 18503

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | JUDGE MANNION |
| | : | |
| SUSQUEHANNA COUNTY, ET AL., | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendants | : | |

**JOINT CASE MANAGEMENT PLAN**

*Instructions*:  In many cases there will be more parties in the action than there are spaces provided on this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

     No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any matters below shall be set forth in the appropriate section.

     Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their

1

application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

    1.1   Separately for each party, please give a statement summarizing this case:

By plaintiff(s) Plaintiff has brought suit against Susquehanna County and two of its Commissioners alleging retaliation and hostile work environment claims under Title VII and the Pa. Human Relations Act related to harassing and retaliatory conduct, including demotion, he was subject to as a participant in an investigation regarding practices made unlawful under Title VII.

By defendant(s): This is an action for alleged violations under Title VII of the Civil Rights Act of 1964 and pendant state law claims. Mr. Stoud claims that because he was retaliated against because of his involvement in an incident of alleged sexual harassment. Mr. Stoud left his position as Chief Clerk and voluntarily took a position at the Susquehanna County District Attorney's office.

    1.2   The facts the parties <u>dispute</u> are as follows:

        a. Whether Plaintiff was subject to such action/conduct.

    1.3   The legal issues the parties <u>dispute</u> are as follows:

Whether conduct of the Susquehanna County Commissioners and actions suffered by Plaintiff constituted retaliation and creation of a hostile work environment giving rise to liability under Title VII and the Pa. Human Relations Act.

    agree upon as follows:

      a. Jurisdiction and venue are proper in the U.S. District Court for the Middle District Court of Pennsylvania.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter of jurisdiction, or venue:

    None known at this time.

1.5    Identify any named parties that have not yet been served:

    All named parties have been served.

1.6    Identify any additional parties that:

    Plaintiff(s) intend to join:

        None.

    Defendant(s) intend to join:

        None.

1.7    Identify any additional claims that:

    Plaintiff(s) intends to add:

        None.

    Defendant(s) intends to add:

        None.

## 2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1** Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by: Plaintiff

| Name | Title/Position |
|---|---|
| Robert Stoud | Plaintiff |
| Maggie McNamara | Susq. Co. Employee |
| Elizabeth Arnold | Susq. Co. Commissioner |
| Mary Ann Warren | Susq. Co. Commissioner |
| Alan Hall | Susq. Co. Commissioner |
| Michael Giangrieco | Susq. Co. Commissioner |
| Richard Ely | Susq. Co. Employee |
| Jeanne Conklin | Susq. Co. Employee |
| Lana Adams | Susq. Co. Employee |
| Stephen Janoski | Susq. Co. Employee |

2.151 Disclosed by: Defendant

| Name | Title/Position |
|---|---|
| Parties to the action | Plaintiffs/Defendants |

        Maggie McNamara        Former Deputy Chief Clerk, Susquehanna County

Any witnesses identified by Plaintiff as well as any additional witnesses who become known through discovery.

   2.200 Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

     2.201 Categories of documents disclosed by Plaintiff:

       None at this time.

     2.251 Categories of documents disclosed by Defendant.

       Personnel record of Plaintiff.

  2.300 Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

     2.301 Additional categories of documents Plaintiff will disclose:

     2.351 Additional categories of documents Defendants will disclose:

       Documents requested by Plaintiff through discovery.

    2.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

     2.401 Plaintiff's calculation of damages:

     2.402 Defendant's calculation of offset:

None at this time.

2.403 Counter Claimant/Third Party Claimant's calculation of damages:

N/A

## 3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss | Defendants | Currently Pending |

## 4.0   Discovery

4.1   Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s):

Plaintiff will serve interrogatories, Request for Production of Documents and depose Defendants and relevant witnesses

By Defendant(s):

Defendants are preparing Initial Disclosures, Interrogatories, and Requests for Production of Documents. Defendants intend to depose Plaintiff and Steve Stoud.

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue

6

recognition policies were and how they were applied to the kinds of contracts in this case"):

      By Plaintiff:    Interrogatories, Request for Production of Documents, Depositions of parties and witnesses, Initial Disclosures.

      By Defendant:    Interrogatories, Request for Production of Documents, depositions of parties and witnesses, Requests for Admission.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

The parties currently are unaware of any discovery that one party wants to conduct but to which another party objects.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage or throughout the litigation:

The parties currently do not wish to impose any subject area limitations on discovery.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

    plaintiff(s): 10    defendant(s):    10

4.5.2 interrogatories to be served by:

    plaintiff(s): 25    defendant(s):    25

4.5.3 document production requests to be served by:

  plaintiff(s): 25    defendant(s):   25

4.5.4 requests for admission to be served by:

  plaintiff(s): 25    defendant(s):   25

4.6  Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0  Protective Order

5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

  None requested at this time.

5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below

## 6.0  Scheduling

6.1  Final date for joining additional parties:

  __July 2, 2018__     Plaintiff(s)

  July 2, 2018          Defendant(s)

6.2   Final date for amending pleadings:

  July 2, 2018           Plaintiff(s)

  July 2, 2018           Defendant(s)

6.3   All fact discovery commenced in time to be completed by:

  August 5, 2018

6.4   All potentially dispositive motions should be filed by:

  September 2, 2018

6.5   Reports from retained experts due:

from Plaintiff(s) by:   October 5, 2018

from Defendant(s) by:   November 9, 2018

6.6   Supplementations due by:

from Plaintiff(s) by: December 3, 2018

from Defendant(s) by:   Januray 4, 2019

6.7   All expert discovery commenced in time to be completed by   February 20, 2019

6.8   This case may be appropriate for trial in approximately:

   ___   240 Days from the filing of the action in this court

9

       **X**   365 Days from the filing of the action in this court

       ___   Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

      March 2019   (month/year)

6.10  Trial

6.10.1  Suggested Date for Trial

      April 2019   (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

Plaintiffs:

   Robert Stoud
   Plaintiff


Defendants:

   Patty Ensminger, Claim Representative II
   The County Commissioners Association of Pa.
   P.O. Box 60769
   Harrisburg, PA 17106-0769
   Telephone:  (717) 526-1010
   Carrier for Defendants

**8.0   Alternative Dispute Resolution ("ADR")**

   8.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

   8.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is

appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Plaintiff recommends the use of the Middle District's mediation program and is will to proceed with other ADR procedures as recommended by the Court.

8.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
Y _____  N __X____

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   _____ Scranton

   _____ Wilkes-Barre

   _____ Harrisburg

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0 Identification of Lead Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance

11

with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: February 26, 2018         s/Gerard Karam
                                 Attorney(s) for Plaintiff(s)
                                 ☒    ECF User(s)
                                 ☐    Waiver requested (as separate document)
                                 ☐    Fed.R.Civ.P.7.1 (statement filed if necessary)
                                 s/ Christopher Szewczyk
                                 Attorney(s) for Plaintiff(s)
                                 ☒    ECF User(s)
                                 ☐    Waiver requested (as separate document)
                                 ☐    Fed.R.Civ.P.7.1 (statement filed if necessary)


                                 Mazzoni Karam Petorak & Valvano
                                 Suite 201 Bank Towers
                                 321 Spruce St.
                                 Scranton, PA  18503

Dated: February 26, 2018         s/A. James Hailstone, Esq.
                                 Attorney(s) for Defendant(s)
                                 ☒    ECF User(s)
                                 ☐    Waiver requested (as separate document)
                                 ☐    Fed.R.Civ.P.7.1 (statement filed if necessary)

A. James Hailstone, Esquire
Kreder Brooks Hailstone LLP
220 Penn Avenue, Suite 200
Scranton, PA 18503
Telephone:(570)346-7922