UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendant | : | |

## DEFENDANT, SUSQUEHANNA COUNTY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

Defendant, Susquehanna County, in accordance with Local Rule 56.1, submits the following Statement of Material Facts:

1. Plaintiff, Robert Stoud, was a Pennsylvania State Trooper from 1991 to 2012, when he retired as a Corporal.

2. Plaintiff spent most of his career as a criminal investigator. (PL's Depo., p. 3)

3. Plaintiff was hired in September of 2012 as the Susquehanna County Emergency Management Coordinator and moved to Director of Public Safety in December of 2012. (PL's Compl. ¶¶15, 16).

4. Plaintiff became acting Chief Clerk in June of 2014 and Chief Clerk in January of 2016 (PL's Compl. ¶ 17)

5. In December of 2015 Plaintiff's Administrative Assistant, Maggie McNamara ("McNamara") reported an incident regarding the inappropriate behavior of her a co-worker Richard Ely. (PL's Compl. ¶18)

6. Ely received a Final Written Warning from Stoud on December 30, 2015 regarding his conduct.

7. On June 14, 2016, Plaintiff resigned from his position as the Chief Clerk and sought transfer to the Director of Public Safety. Mr. Stoud eventually also took the position of Chief Detective for Susquehanna County working directly with the District Attorney.

8. On June 21, 2016, McNamara resigned her position as Deputy Chief Clerk and requested a transfer to the District Attorney's Office in the position of Victim Witness Coordinator.

9. Plaintiff did not suffer any financial losses as a result of the transfer from Chief Clerk to County Detective.

10. Plaintiff spoke to Commissioner Arnold regarding the incident between McNamara and Richard Ely a few months after she took office in 2016. (PL's Depo., p. 14).

11. Plaintiff is unaware of whether the alleged issues he had with Commissioner Arnold were a result of the investigating the incident between McNamara and Richard Ely. (PL's Depo., p. 17).

12. Plaintiff was instructed to Those issues included lack of communication, her disrespectful tone of voice, unnecessary and constant personal chatting and laughing during work hours, lack of priority for the minutes and agenda, issues with incorrect content and grammar and disrespect for department heads. (PL's Depo. pp. 61)

13. Plaintiff took issue with the request and deliberately failed to perform the counseling session in good faith. (PL's Depo. pp. 61)

14. Plaintiff did not provide evidence of a hostile or abusive work environment.

15. Plaintiff did not provide evidence that the County retaliated against him because he investigated a report of sexual harassment.

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503                BY: /s/A. James Hailstone
(570) 346-7922                         A. James Hailstone
                                       Attorney I.D. #80055
                                       Attorneys for Defendant,
                                       Susquehanna County

CERTIFICATE OF SERVICE

AND NOW, this 29th day of November, 2018, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Statement of Material Facts in Support of its Motion for Summary Judgment with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire<br>
Mazzoni, Karam, Petorak & Valvano<br>
321 Spruce Street, Suite 201<br>
Scranton, PA 18503<br>
570-348-0776<br>
gkaram18@msn.com<br>
<em>ATTORNEYS FOR PLAINTIFF</em>

    /s/ A. James Hailstone
A. James Hailstone
Attorney I.D. #80055
Attorneys for Defendants