IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY | |
| Defendant | No. 3:17-CV-2183-MEM |

**PLAINTIFF'S RESPONSIVE STATEMENT TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Plaintiff, Robert Stoud, in accordance with Local Rule 56.1 submits the following Responsive Statement to Defendant's Statement of Material Facts:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted. By way of further answer, Stoud resigned his position due to Commissioners Arnold and Warren's harassing and retaliatory conduct and the toxic work environment they created. (Stoud Deposition at p. 36-37). Stoud began his career in Susquehanna County as Director of Public Safety;

1

then became Chief Clerk/Director of Public Safety; then demoted to Deputy Chief Clerk while maintaining the Public Safety position; and then took a position in the District Attorney's Office and kept the Public Safety position. (Warren Deposition at p. 43-33).

8. Admitted.  By way of further answer, McNamara resigned her position due to retaliatory and harassing conduct outlined below that made the workplace intolerable.  McNamara believed she had to leave her position for the District Attorney's Office or be terminated by the Commissioners.

9. Admitted.  By way of further answer, Plaintiff was demoted from Chief Clerk to Deputy Clerk and lost job responsibilities.  (Stoud Deposition at p. 32).

10. Admitted.  By way of further answer, Commissioner Arnold was aware of the incident before Plaintiff informed her.  As Commissioner Warren indicated, following the McNamara complaint regarding Ely, she saw constant animus towards Stoud.  (Warren Deposition at p. 16-17).

11. Denied.  By way of further answer, Stoud testified that Commissioner Hall indicated Commissioner Arnold's actions stemmed from the Ely matter. (Stoud Deposition at p. 17-18).

12. It is admitted that those were the issues identified for counseling, but it is denied those were legitimate work issues that McNamara needed counseling

for. By way of further answer, however, it is submitted that the work related issues McNamara was counseled on were not legitimate issues, but were, instead, a pretext. This is supported by Exhibit 7 of McNamara's deposition wherein McNamara directly refuted the work related issues cited by the Commissioners. Furthermore, this Paragraph cites to Plaintiff's Deposition at p. 61, however no such page exists in Plaintiff's Deposition. It is assumed Defendant means McNamara's deposition which is attached hereto and incorporated herein as **Exhibit A**.

13. Denied. Defendant cites to Plaintiff's Deposition at p. 61, however no such page exists. Furthermore, Stoud testified that while he took issue with points Commissioners Warren and Arnold cited, he did complete the write ups as requested. (Stoud Deposition at p. 25-28).

14. Denied. Plaintiff produced evidence of a hostile work environment. Plaintiff testified from the early part of 2016 to May of 2016 he was subject to scrutiny, harassment, and retaliation. (Stoud Deposition at p.16). This conduct by Commissioners Arnold and Warren continued unabated and got progressively worse over time. (Stoud Deposition at p.16). This included Arnold making comments to Plaintiff's subordinates about Plaintiff and his deputy having an affair. (Stoud Deposition at p.19). Arnold's actions went so far as Arnold stating she wanted to fire the Plaintiff and her stating she

wanted to break up the Plaintiff and his deputy to save their marriages. (Stoud Deposition at p.20). Commissioner Arnold's improper conduct continued after Stoud left for a position in the District Attorney's Office. (Stoud Deposition at p.33). In her deposition, Commissioner Warren testified that the harassment was constant. (Warren Deposition at p. 17). Commissioner Warren also testified that Commissioner Arnold alleged an affair between the Plaintiff and his subordinate. (Warren Deposition at p.19). Warren admitted that the rumors of an affair perpetuated by Arnold undermined Stoud's authority and credibility. (Warren Deposition at p. 37-38). Commissioner Arnold testified that she spread the rumor of an affair between Plaintiff and his deputy with others, including the two other Commissioners and other county employees. (Arnold Deposition at p. 37-38). She admitted that her actions in spreading the rumor undermined Stoud's authority as Chief Clerk. (Arnold Deposition at p. 39). Commissioner Hall also testified that Arnold had insinuated the Plaintiff and McNamara were having an affair and that he told Commissioner Arnold to stop her behavior because it was wrong. (Hall Deposition at p. 27 and 41). Hall stated that Arnold told him (and Hall then told Stoud) that Arnold believed she had to break up Stoud and McNamara to save Stoud's marriage. (Hall Deposition at p. 36).

4

15. Denied.   Plaintiff provided evidence that Defendant retaliated against him because he investigated a report of sexual harassment.  Plaintiff testified that once he investigated the complaint about Richard Ely, scrutiny, harassment, and retaliation began.  This conduct snowballed to Commissioner Arnold insinuating and outright stating Plaintiff was having an affair with his deputy.  Even Commissioner Hall's deposition makes clear that the retaliatory conduct continued throughout 2016.  The record makes absolutely no reference to any harassing or retaliatory conduct *prior* to Plaintiff investigating McNamara's complaint.  The conduct at issue all began after McNamara made the complaint about Ely.  The record establishes a temporal proximity and a pattern of ongoing antagonism.

          Respectfully Submitted:

          /s/ Gerard M. Karam, Esquire
          Gerard M. Karam, Esquire
          Atty. ID# PA 49625

          /s/ Christopher J. Szewczyk, Esquire
          Christopher J. Szewczyk, Esquire
          Atty. ID # PA 306689
          Mazzoni, Karam, Petorak, and Valvano
          321 Spruce Street
          Suite 201
          Scranton, PA 18503
          P:  (570) 348-0776
          F:  (570) 348-2755

## **CERTIFICATE OF SERVICE**

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 21st day of May, 2019.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
