**Exhibit E**

# GIANGRIECO LAW, PC

MICHAEL J. GIANGRIECO
ROBERT J. HOLLISTER
BRIANNA STROPE VAUGHAN
ABBEY K. LEWIS

60 PUBLIC AVENUE
P.O. BOX 126
MONTROSE, PA 18801-0126
WEBSITE
GIANGRIECOLAW.COM

TELEPHONE
570-278-4026
FACSIMILE
570-278-4662

November 1, 2016



HAND-DELIVERED

Elizabeth M. Arnold, Chairman
Susquehanna County Commissioners
P.O. Box 218
Montrose, PA 18801

Dear Commissioner Arnold:

I have been directed to engage in this communication to you regarding your most recent contact and conversation with Deputy Chief Clerk Stoud. The conversation has been described by others to have been unprofessional and upsetting to not only Mr. Stoud but to other employees who witnessed your interaction with Mr. Stoud.

The most troubling aspect of this contact is that it was angry and unprofessional and of a personal nature toward Mr. Stoud after you have been put on official notice of his complaint to the EEOC. It is especially troubling to the County's insurance carrier and to our labor attorney and your fellow Commissioners, that other employees who witnessed your interaction with Mr. Stoud have deemed your contact with Mr. Stoud as very unprofessional, angry, retaliatory and created a hostile work environment and which now has been or will be determined to be retaliatory for his complaint to the EEOC. This most recent contact has been reported by Mr. Stoud to the EEOC as retaliatory and hostile which could add to the liability exposure to the County especially in light of the fact that other employees who witnessed your conduct have described the same as outlined herein.

Both myself and the County's insurance company attorney have discussed the issue of your communication with Mr. Stoud since the filing of his and others' complaints to the EEOC. These discussions have taken place in an effort to have you cease and desist from any communication with Mr. Stoud that could be deemed hostile or retaliatory thereby increasing the County's exposure to increased liability civilly as well as increasing possible sanctions from the EEOC.

It is being strongly suggested that you cease and desist from any further communication with Mr. Stoud that could in any way be deemed unprofessional, hostile or retaliatory.

Furthermore, you are being requested to cease and desist communication with employees concerning employment, wage or benefit issues and follow the rules and protocol concerning the same that has been in place for years to avoid creating unnecessary confusion and turmoil amongst the employees that are covered by union contracts. All communications regarding these issues should be directed to either the chief clerk or the director of human resources. Your

Elizabeth M. Arnold
November 1, 2016
Page Two

continued communication with employees exposes the County to possible grievances and labor issues with the union and compromises the relationship between you and your fellow Commissioners who must deal with the aftermath of your communication directly with employees concerning employment issues.

As you are aware, a letter was sent to the Commissioners regarding the Sheriff's activities that are outside of his County duties. The County's insurance company advised that they may not cover any activity that incurs liability that is outside the scope of the sheriff's legal official duties.

That warning is applicable across the board for all elected officials. Should you or any other elected official engage in activity that incurs a liability that is deemed outside the scope of your duties, the insurance company may not provide coverage for the damages that result therefrom and any payments for said damages may be paid by the taxpayers or assessed against you personally.

Please feel free to contact me to have any discussion you feel necessary concerning the contents of this letter.

Very truly yours,

Michael J. Giangrieco, Esquire

cc:   Commissioner Alan M. Hall
      Commissioner Mary Ann Warren