IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY | |
| Defendant | No. 3:17-CV-2183-MEM |

## MOTION TO COMPEL ORAL DEPOSITIONS

NOW COMES, the Plaintiff, Robert Stoud, by and through his counsel, and in support of this motion, avers as follows:

1. On July 23, 2020, the undersigned contacted defense counsel via email regarding a complaint filed by Michael Giangrieco, Esquire against Susquehanna County in which allegations were made that are relevant to this matter. See the email attached hereto and incorporated herein as **Exhibit A**.

2. Within that same email, the undersigned requested additional discovery take place limited to Attorney Giangrieco's allegations and sought defense counsel's concurrence to the same. In said email, the undersigned indicated they he would be "open to discuss any limitations or concerns" defense counsel may have.

3. A formal motion was drafted in accordance with the proposal sent via email in **Exhibit A**.

4. On July 24, 2020, the undersigned had a phone conversation with defense counsel who concurred in the motion and did not indicate any limitations or concerns. A copy of that motion is attached hereto and incorporated herein as **Exhibit B**.

5. The aforesaid motion (Doc. 59) was served upon defense counsel via the ECF system and Your Honor signed an Order (Doc. 60) permitting additional discovery on July 27, 2020. A copy of said Order is attached hereto and incorporated herein as **Exhibit C**.

6. At no point after defense counsel was served with both the motion and the Order was any objection to the same raised.

7. On August 12, 2020, the undersigned emailed defense counsel in order to schedule mutually agreeable dates to conduct the depositions. A copy of that email is attached hereto and incorporated herein as **Exhibit D**.

8. In response, on August 13, 2020, defense counsel asserted attorney-client privilege in order to stall the scheduling of any depositions. A copy of defense counsel's letter is attached hereto as **Exhibit E**.

9. On August 14, 2020, the undersigned informed defense counsel that the questions to be asked in the depositions would not be covered by any

privilege. Questions would only pertain to the very limited allegations contained in Attorney Giangrieco's complaint and the deponents' own knowledge of matters related to Griangrieco's complaint.

10. On that same day, defense counsel wrote the undersigned and indicated that he will not allow "Commissioner Hall or Commissioner Arnold, or any County employee, to be deposed." A copy of defense counsel's August 14, 2020 letter is attached hereto and incorporated herein as **Exhibit F**.

11. On August 16, 2020, the undersigned assured defense counsel that questions delving into privileged areas would not be asked and requested defense counsel to reconsider his position and to produce the witnesses as requested. Defense counsel was given until the end of the business day on August 18, 2020 to respond or otherwise the instant motion would be filed. A copy of that email is attached hereto and incorporated herein as **Exhibit G**.

12. Defense counsel did not respond to the August 16, 2020 email.

WHEREFORE, the undersigned respectfully request that this Honorable Court grant the Motion to Compel Oral Depositions.

Respectfully Submitted:

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
Bar I.D. # PA 49625
gmk@mkpvlaw.com

/s/ Christopher J. Szewczyk, Esquire
Bar I.D. # PA 306689
cjs@mkpvlaw.com
Mazzoni, Karam, Petorak, and Valvano
321 Spruce Street
Suite 201
Scranton, PA 18503
P: (570) 348-0776
F: (570) 348-2755

Date: August 19, 2020

## **CERTIFICATE OF SERVICE**

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 19th day of August, 2020.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire