IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY | |
| Defendant | No. 3:17-CV-2183-MEM |

## PLAINTIFF'S MOTIONS IN LIMINE

NOW COMES, the Plaintiff, Robert Stoud, by and through his counsel, and in support of this motion, avers as follows:

1. Motions in limine in this matter are due on August 21, 2020.

2. Trial in this matter is scheduled for September 28, 2020.

### Motion in Limine to Permit Plaintiff to Call
### Michael Giangrieco as a Witness at Trial

3. The previous paragraphs are incorporated herein as if set forth at length.

4. Plaintiff intends to call Michael Giangrieco, Esquire as a witness at trial.

5. Plaintiff expects the Defendant to object citing attorney-client privilege as Attorney Giangrieco served as County Solicitor for the period at issue in this matter.

6. Attorney Giangrieco filed a Complaint against Susquehanna County on May 19, 2020. A copy of the Complaint is attached hereto and incorporated herein as Exhibit A.

7. In said Complaint, Attorney Giangrieco stated he spoke to Commissioner Arnold repeatedly about actions she was taking that were contrary to Susquehanna County policy, and could potentially expose the County to liability. See Exhibit A at Paragraph 11.

8. The Complaint also notes that the words of Attorney Giangrieco were not part of his job duties as County Solicitor because the attorney appointed by Susquehanna County's insurance company had the responsibility to control Arnold's actions concerning litigation against Susquehanna County. See Exhibit A at Paragraph 12.

9. In fact, this allegation is true because Susquehanna County was being represented by Attorney Robin Reed in the EEOC matters regarding Plaintiff Stoud and Maggie McNamara.

10. As such, it is submitted that Attorney Giangrieco was not the County's attorney for the EEOC matter and, as such, no such attorney-client privilege exists.

11. Assuming *arguendo* that attorney-client privilege does exist between Attorney Giangrieco and Susquehanna County, it would fall under the crime-fraud exception to attorney-client privilege.

12. It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the "seal of secrecy" between lawyer and client does not extend to communications "made for the purpose of getting advice for the commission of a fraud" or crime. Haines v. Liggett Group, Inc., 975 F.2d 81 (3rd Cir. 1992) (citing United States v. Zolin, 491 U.S. 554, 562-63 (1989)).

13. The Giangrieco Complaint states that documents prepared in the EEOC complaint response were false and inaccurate and did not reflect the facts given by Attorney Giangrieco and others   See Exhibit A at Paragraph 15.

14. The Giangrieco Complaint states that he and other employees saw the EEOC complaint response and knew said response was false.  See Exhibit A at Paragraph 16.

15. The Giangrieco Complaint states that he and other employees were asked to lie and to change statements previously made to protect Commissioner Arnold.  See Exhibit A at Paragraph 17.

16. Lying, changing statements, and falsifying documents would clearly constitute commission of a fraud and/or crime.  Specifically, this would have

been statements and documents related to responses to Plaintiff Stoud's and McNamara's EEOC Complaints.

17. As such, these actions would serve as an exception to the attorney-client privilege that would permit Attorney Giangrieco to testify at trial in this matter.

WHEREFORE, the undersigned respectfully request that this Honorable Court issue an Order permitting Attorney Giangrieco to testify at trial in this matter.

## Motion in Limine to Permit Questioning of Commissioners Hall, Arnold, and Warren Related to Lies and Inaccuracies in EEOC Response

18. The previous paragraphs are incorporated herein as if set forth at length.

19. As referenced above, the Giangrieco Complaint makes it clear that statements and documents were falsified related to the EEOC response and that he and other employees were asked to lie to protect Commission Arnold. See Exhibit A at Paragraphs 15-19.

20. Plaintiff should have the right to question Commissioners Hall, Arnold, and Warren about the contents of the EEOC complaint response and ask about their knowledge of any lies or inaccuracies in said response.

21. If Defendant asserts the attorney-client privilege to thwart this line of questioning, it is submitted that said line of questioning would not violate the privilege because it would only pertain to the witnesses' own knowledge of events.

22. Assuming *arguendo* that attorney-client privilege does exist, however, said line of questioning would fall under the crime-fraud exception to the aforesaid privilege for the reasons stated above concerning Attorney Giangrieco's testimony.

WHEREFORE, the undersigned respectfully request that this Honorable Court issue an Order permitting Plaintiff to question Commissioners Hall, Arnold, and Warren related to lies and inaccuracies in the EEOC complaint response.

**Motion in Limine to Bar Defendant From Submitting Any Evidence of Proper Human Resources Procedures**

23. The previous paragraphs are incorporated herein as if set forth at length.

24. Pursuant to this Court's Order (Doc. 48), Plaintiff submitted its expert report and curriculum vitae to defense counsel on July 1, 2019.

25. The Plaintiff's expert, Patricia Staples, is a human resources/management specialist.

26. Pursuant to Doc. 48, defense counsel was to submit its expert reports on or before August 16, 2019.

27. Defense counsel did not submit an expert report on or before August 16, 2019 nor subsequent thereto.

28. Given the Plaintiff's timely submission of the expert report related to proper human resources and management procedures and defense counsel's failure to submit any expert report to counter the same, Defendant should be

precluded from submitting any evidence related to proper human resources procedures at the time of trial.

WHEREFORE, the undersigned respectfully request that this Honorable Court issue an Order precluding Defendant from submitting any evidence related to proper human resources procedures.

    Respectfully Submitted:

    /s/ Gerard M. Karam, Esquire
    Gerard M. Karam, Esquire
    Bar I.D. # PA 49625
    gmk@mkpvlaw.com

    /s/ Christopher J. Szewczyk, Esquire
    Bar I.D. # PA 306689
    cjs@mkpvlaw.com
    Mazzoni, Karam, Petorak, and Valvano
    321 Spruce Street
    Suite 201
    Scranton, PA 18503
    P: (570) 348-0776
    F: (570) 348-2755

Date: August 21, 2020

## **CERTIFICATE OF SERVICE**

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 21st day of August, 2020.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
