UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT STOUD,                           :
                                        :
                        Plaintiff       :        CIVIL ACTION - LAW
                                        :
        v.                              :
                                        :
SUSQUEHANNA COUNTY,                     :        NO. 3:17-CV-2183-MEM
                                        :
                        Defendant       :

MOTION IN LIMINE OF DEFENDANTS TO PRECLUDE PLAINTIFF'S
INTRODUCTION OF ANY ATTORNEY-CLIENT PRIVILEGED MATERIAL
OR TESTIMONY

Defendants, Susquehanna County, through its Attorneys, Kreder Brooks

Hailstone LLP, hereby file the following Brief in Support of Motion in Limine:


I.      Standard of Review

A motion *in limine* is a pretrial motion which requests that the Court

prohibit opposing counsel from referring to or offering evidence on matters

prejudicial to the moving party.  Emcore Corp. v. Optium Corp., No. 7–326, 2009

WL 3381809, *1(W.D. Pa. 2009) (quoting *Black's Law Dictionary* 1013 (6th ed.

1990)).  The purpose of such motion is to avoid injecting into trial matters which

are irrelevant, inadmissible, and prejudicial.  *Id*.  Otherwise

1

stated, motions *in limine* narrow the evidentiary issues for trial and eliminate

unnecessary trial interruptions. Buddy's Plant Plus Corp. v. CentiMark Corp., 978

F. Supp. 2d 523, 528 (W.D. Pa. 2013), *aff'd,* 604 F. App'x 134 (3d Cir. 2015).


III.   <u>Argument</u>

The attorney-client privilege, founded in common law, protects

"confidential communications made between attorneys and clients for the purpose

of obtaining or providing legal assistance to the client." In re Grand Jury

Subpoena, 745 F.3d 681, 687 (3d Cir. 2014). This privilege is not limited to

individuals, but extends to circumstances in which a government agency is the

client and an interagency lawyer is the attorney. Accord NLRB v. Sears, Roebuck

& Co., 421 U.S. 132, 154 (1975).

In addition to the attorney-client privilege, an analogous doctrine set out in

the Federal Rules of Civil Procedure protects an attorney's work product.

Specifically, Rule 26(b)(3) states that, "[o]rdinarily, a party may not discover

documents and tangible things that are prepared in anticipation for litigation or for

trial by or for another party or its representative (including the other party's

attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P.

26(b)(3)(A).

2

Pennsylvania has codified the attorney-client privilege as follows: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa.Cons.Stat.Ann. § 5928 (West 1982).

In Rhone–Poulenc Rorer Inc. v. The Home Identity Company, 32 F.3d 851, 861 (3d Cir.1994), the Third Circuit Court of Appeals set out the following "traditional elements of the attorney client privilege that identify communications that may be protected from disclosure in discovery":

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. Id. At 861.

Plaintiff has made it clear that he expects to call former County Solicitor

Michael Giangrieco to testify regarding advice he provided to the County. The County does not waive Attorney-client Privilege Susquehanna County has made no affirmative steps to place the advice of Attorney Giangrieco at issue. Rhone–Poulenc at 863.

Plaintiff has indicated in a Motion to Compel that his inquiry would revolve around former County Solicitor "Giangrieco's complaint and the deponent's own knowledge of matters related to Giangrieco's complaint." See, Plaintiff Stricken Motion to Compel ¶ 9. The inquiry sought by Plaintiff would require not only the waiver of the County's Attorney-Client Privilege between it and Attorney Giangrieco, but also the waiver of the Attorney-Client Privilege between the County and outside defense counsel.

Giangrieco's complaint specifically references advice he provided as County Solicitor and references confidential information that was provided by the County's outside counsel.

Finally, Plaintiff is determined to present a correspondence from the former Solicitor to Commissioner Elizabeth Arnold. All correspondence between the Commissioners, either individually or as a whole, are protected.

4

WHEREFORE, the Defendant, Susquehanna County, respectfully request the Court to issue an Order precluding Plaintiff from advancing a claim at trial for loss of future earnings.

Respectfully submitted,

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503          By   /s/ A. James Hailstone
(570) 346-7922                   A. James Hailstone
                                 Attorney I.D. #80055
                                 Attorneys for Susquehanna County

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 21st day of August, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Motion in Limine with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

/s/ A. James Hailstone
A. James Hailstone
Attorney I.D. #80055
Attorneys for Defendant