UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT STOUD,                   :
                                :
                    Plaintiff   :    CIVIL ACTION - LAW
                                :
v.                              :
                                :
SUSQUEHANNA COUNTY,             :    NO. 3:17-CV-2183-MEM
                                :
                    Defendant   :

BRIEF IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT TO PRECLUDE PLAINTIFF'S INTRODUCTION OF EXPERT REPORT OR TESTIMONY

Defendants, Susquehanna County, through its Attorneys, Kreder Brooks Hailstone LLP, hereby file the following Brief in Support of Motion in Limine:

I.   Standard of Review

A motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party. Emcore Corp. v. Optium Corp., No. 7–326, 2009 WL 3381809, *1(W.D. Pa. 2009) (quoting *Black's Law Dictionary* 1013 (6th ed. 1990)). The purpose of such motion is to avoid injecting into trial matters which are irrelevant, inadmissible, and prejudicial. *Id*.

1

II.     Argument

The Plaintiff's Expert Report and Expert Testimony should be precluded because it makes biased credibility determinations and provides legal conclusions.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: 1) a proffered witness must be an expert; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact. Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008). The party offering the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. See Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 418 (3d Cir. 1999).

An expert witness must satisfy each element of the trilogy of restrictions: qualification, reliability and fit. Schneider ex rel. Estate of Schneider, 320 F.3d 396, 404 (3d Cir. 2003).

With regard to the "fit" of the testimony, "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." Calhoun v. Yamaha Motor Corp., U.S.A., 350 F.3d 316, 322 (3d Cir. 2003) (quoting Schneider v. Fried, 320 F.3d 396, 405 (3d Cir. 2003)). Here, the report does neither.

The District Court must also ensure that an expert does not testify as to the

governing law of the case. Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006). Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion. United States v. Leo, 941 F.2d 181, 195–96 (3d Cir.1991). Such testimony is prohibited because it would usurp the Court's pivotal role in explaining the law to the jury. First National State Bank v. Reliance Elec. Co., 668 F.2d 725, 731 (3d Cir.1981).

Plaintiff's expert, Patricia Staples, provided a report that contains several improper legal conclusions. See Berckely, 455 F.3d at 218. (A Copy of the Report is Attached hereto as Exhibit A) In a section titled "Additional Conclusions", Staples simply re-states several allegations made by Plaintiff and declares that they constitute a "violation of Title VII of the Civil Rights Act of 1964."

Staples testimony would also confuse the jury as she notes that Commissioner Arnold has a "limited understanding of basic management principles" Although this is clearly not a requirement for election to County Commissioner, it will also confuse the jury as to the proper legal standard. See, Connearney v. Main Line Hosps., Inc., No. CV 15-02730, 2016 WL 6569292, at *4 (E.D. Pa. Nov. 4, 2016) (citing Crawford v. George & Lynch, Inc., No. 10-949, 2013 WL 6504361, (D. Del. Dec. 3, 2013).

3

The majority of Staples opinion is simply an recitation of Mr. Stoud's allegations from his Complaint and statements from his deposition. Those statements, provided uncritically by an Expert Witness as fact, would clearly create an unfair prejudice for the Defendant. F.R.E. 402. Additionally, presentation of pleadings and testimony in such a manner would confuse the issues for the jury and mislead them jury regarding their duty to illicit truth. F.R.E. 402. She relies on Mr. Stoud's deposition testimony uncritically lending a veneer of truth to those assertions whose determination is the province of the jury.

In one instance, Staples states a causal opinion about never having before seen a supervisor have a subordinate conduct a write up on himself, as Stoud has alleged. However, Allen Hall, in his deposition, never mentions that Plaintiff was required to write himself up and only refers to the disciplinary action of Stoud's subordinate. Positing Stoud's testimony as the truth, coming from the mouth of an Expert, would be highly and unfairly prejudicial to the Defendant and again cause confusion for the jurors. Clearly she based her opinion squarely on the self-serving statements of the Plaintiff.

The opinion is also littered with direct questions to the reader. These questions will only serve to confuse the issues and mislead the jury. She asks at one point: "The Commissioners in this case seem to be very straitforward [sic] and

vocal in their opinions, so why would they not conduct a write up if they believed it was warranted?" Clearly that statement alone in the context of an purported expert opinion should make this opinion inadmissable as it clearly disparages the Defendant and leads to unfair prejudice.

The section of her opinion which refers to the County's review of county owned and inactive email accounts, including Plaintiff's, is especially egregious. Staples states, without any support in reality, that the review of the email accounts resulted in actions of a former County employee who allegedly performed a background check on Plaintiff, on her home computer. This is clearly unfairly prejudicial to the County. The actions of a third party are being blamed on the County.

Finally, Staples uses a confidential, attorney-client privileged letter, which was sent from the former solicitor to the Commissioners. Plaintiff has previously agreed the letter was privileged. There is no conceivable way the opinion would not unfair prejudice when it is based, even in part, on a document protected by Attorney-client privilege.

WHEREFORE, the Defendant, Susquehanna County, respectfully request the Court to issue an Order precluding Plaintiff from providing the Expert Testimony or Report of Patricia Staples.

        Respectfully submitted,

        KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200  
Scranton, PA 18503      By  /s/ A. James Hailstone  
(570) 346-7922  
                            A. James Hailstone  
                            Attorney I.D. #80055  
                            Attorneys for Susquehanna County

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 21st day of August, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Motion in Limine with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

                                        /s/ A. James Hailstone
                                        A. James Hailstone
                                        Attorney I.D. #80055
                                        Attorneys for Defendant