UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT STOUD,                               :
                                            :
                            Plaintiff       :        CIVIL ACTION - LAW
                                            :
         v.                                 :
                                            :
SUSQUEHANNA COUNTY,                         :        NO. 3:17-CV-2183-MEM
                                            :
                            Defendant       :

BRIEF IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT
TO PRECLUDE PLAINTIFF'S CLAIM FOR LOSS OF FUTURE EARNINGS

Defendants, Susquehanna County, through its Attorneys, Kreder Brooks

Hailstone LLP, hereby file the following Brief in Support of Motion *in Limine*:

I.       Standard of Review

A motion *in limine* is a pretrial motion which requests that the Court

prohibit opposing counsel from referring to or offering evidence on matters

prejudicial to the moving party.  Emcore Corp. v. Optium Corp., No. 7–326, 2009

WL 3381809, *1(W.D. Pa. 2009) (quoting *Black's Law Dictionary* 1013 (6th ed.

1990)).  The purpose of such motion is to avoid injecting into trial matters which

are irrelevant, inadmissible, and prejudicial.  Id. Otherwise

1

stated, motions *in limine* narrow the evidentiary issues for trial and eliminate

unnecessary trial interruptions. Buddy's Plant Plus Corp. v. CentiMark Corp., 978

F. Supp. 2d 523, 528 (W.D. Pa. 2013), *aff'd,* 604 F. App'x 134 (3d Cir. 2015).


    II.   <u>Argument</u>

      Plaintiff should be precluded from advancing a claim at trial for loss of

future earnings because Plaintiff has not presented any evidence in support

thereof.  In order to make a claim of future earnings or front pay, a claimant must

present evidence of future losses to compensation caused by discrimination.  Blum

v. Witco Chem. Corp., 829 F.2d 367, 374 (3d Cir. 1987).   Plaintiff's future wage

loss claim must be precluded because more is required than a mere conclusory

averment. Hansen v. Sally Hansen Div. Dist., No. 3:14-CV-712, 2015 WL

5029573, at *3 (M.D. Pa. Aug. 25, 2015. Conjecture is not enough—there must be

sufficient data from which damages can be assessed and loss of earning power

must be supported by "proper and satisfactory proof." Id., citing Kearns v. Clark,

343 Pa.Super. 30, 493 A.2d 1358, 1364 (Pa.Super.Ct.1985). Plaintiff has not

provided any basis for a claim to future earnings and therefore should be

precluded from presenting any evidence of wage loss at trial. In the event Plaintiff

is allowed to provide evidence of future earnings, Plaintiff should not "be allowed

to speculate or testify to any wage loss issues that are of a "specialized or technical nature" and that are not within his personal knowledge." Chamberlain v. Wyoming Cty., No. CV 3:16-1408, 2019 WL 719610, at *7 (M.D. Pa. Feb. 19, 2019).

More important than the lack of specialized knowledge is the fact that Plaintiff has not presented any evidence of his earning history to support a claim for future earnings loss.  In fact, Plaintiff indicated, during his deposition, that when he left his position as Chief Clerk and assumed the position of Chief County Detective and Public Safety Director he experienced no loss of salary. (Depo. 32, See Exhibit A). Stoud also testified that he would have remained in the District Attorney's Office, and remained an employee of Susquehanna County at that salary, but for the fact that Attorney William C. Urbanski lost his challenge for the position of District Attorney before the Pennsylvania Supreme Court. (Depo. 37, See Exhibit B).

Stoud has failed to provide any evidence of loss of earnings. Additionally, he has admitted that he lost no income as a result of the alleged adverse employment action. Therefore, he should be barred from providing any evidence of loss of future earnings.

WHEREFORE, the Defendant, Susquehanna County, respectfully request the Court to issue an Order precluding Plaintiff from advancing a claim at trial for loss of future earnings.

Respectfully submitted,

KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503                    By   /s/ A. James Hailstone
(570) 346-7922                              A. James Hailstone
                                           Attorney I.D. #80055
                                           Attorneys for Susquehanna County

4

CERTIFICATE OF SERVICE

AND NOW, this 21st day of August, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Motion in Limine with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

       /s/ A. James Hailstone
       A. James Hailstone
       Attorney I.D. #80055
       Attorneys for Defendant