IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY | |
| Defendant | No. 3:17-CV-2183-MEM |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S CLAIM FOR LOSS OF FUTURE EARNINGS**

**Facts**

Defendant filed a Motion in Limine to preclude Plaintiff's claim for loss of future earnings. Defendant claims that Plaintiff did not present evidence in support of a claim for loss of future earnings and no expert testimony was offered on the subject.

Plaintiff did provide Defendant a breakdown of damages in an email sent on or about July 14, 2020.

**Standard of Review**

A motion in limine is filed pre-trial and requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co., No. 2:10-cv-199, 2012 U.S. Dist. LEXIS 59068, 2012 WL 1458209, at *1 (W.D.

1

Pa. Apr. 27, 2012). The purpose of a motion in limine is to bar "irrelevant, inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" Id. Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds. Laws v. Stevens Transport, Inc., No. 2:12-cv-544, 2013 U.S. Dist. LEXIS 129764, 2013 WL 4858653, at *1 (S.D. Ohio Sept. 11, 2013); Looney Ricks Kiss Architects, Inc. v. Bryan, Civil No. 07-572, 2010 U.S. Dist. LEXIS 135668, 2010 WL 5393864, at *1 (W.D. La. Dec. 22, 2010); Knowles Elec., LLC v. Microtronic U.S., Inc., No. 99 C 4681, 2000 U.S. Dist. LEXIS 5754, 2000 WL 310305, at *1 (N.D. Ill. Mar. 24, 2000).

The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. Berry v. Mission Grp. Kan., Inc., No. 08-2439-JPO, 2010 U.S. Dist. LEXIS 53000, 2010 WL 2160897, at *1 (D. Kan. May 28, 2010); Pivot Point Int'l, Inc. v. Charlene Prods., Inc., No. 90 C 6933, 1996 U.S. Dist. LEXIS 7023, 1996 WL 284940, at *3 (N.D. Ill. May 23, 1996).

## Argument

It is well settled that expert testimony is not required to present evidence of front pay damages to a jury. Hill v. City of Scranton, No. 4:CV 01-744, 2006 U.S.

Dist. LEXIS 12562 (M.D. Pa. Mar. 7, 2006) (citing Shesko v. City of Coatesville, 324 F.Supp. 2d 643, 651 (E.D. Pa. 2004). The risk of lack of certainty with respect to projections of lost income must be borne by the wrongdoer, not the victim. Id (citing Bartek v. Urban Redevelopment Authority of Pittsburgh, 882 F.2d 739, 746 (3d Cir. 1989).

Given that expert testimony is not required to present evidence of front pay damages to a jury, it is submitted that the Plaintiff himself can testify as to his damages in this matter. Furthermore, the Plaintiff's breakdown of damages was provided to defense counsel on July 14, 2020, giving him ample time to prepare any necessary cross-examination on the issue of loss of future earnings.

Therefore, it is submitted that this Honorable Court should deny Defendant's motion in limine and allow the Plaintiff to present to the jury lay evidence of front pay damages calculations.

## Conclusion

For the reasons set forth above, Defendant's motion in limine should be denied.

    Respectfully Submitted:

    /s/ Gerard M. Karam, Esquire
    Bar I.D. # PA 49625
    gmk@mkpvlaw.com

    /s/ Christopher J. Szewczyk, Esquire
    Bar I.D. # PA 306689

cjs@mkpvlaw.com

Date: August 27, 2020

## CERTIFICATE OF SERVICE

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 27th day of August, 2020.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
