IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD<br><br>     Plaintiff<br><br>v.<br><br>SUSQUEHANNA COUNTY<br><br>     Defendant | CIVIL ACTION<br><br><br><br><br><br><br><br>No. 3:17-CV-2183-MEM |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S INTRODUCTION OF ANY ATTORNEY-CLIENT PRIVILEGED MATERIAL OR TESTIMONY**

**Facts**

Defendant filed a Motion in Limine to preclude Plaintiff's introduction of attorney-client privileged material or testimony. The focus of the motion concerns testimony from former County Solicitor Michael Giangrieco, whom the Plaintiff intends to call at trial in this matter.

**Standard of Review**

A motion in limine is filed pre-trial and requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co., No. 2:10-cv-199, 2012 U.S. Dist. LEXIS 59068, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012). The purpose of a motion in limine is to bar "irrelevant,

1

inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" Id.

## Argument

Attorney Giangrieco filed a Complaint against Susquehanna County on May 19, 2020. A copy of the Complaint is attached to Plaintiff's Motions in Limine (Doc. 64) as Exhibit A. In said Complaint, Attorney Giangrieco stated he spoke to Commissioner Arnold repeatedly about actions she was taking that were contrary to Susquehanna County policy, and could potentially expose the County to liability. See Exhibit A at Paragraph 11. The Complaint also notes that the words of Attorney Giangrieco were not part of his job duties as County Solicitor because the attorney appointed by Susquehanna County's insurance company had the responsibility to control Arnold's actions concerning litigation against Susquehanna County. See Exhibit A at Paragraph 12. In fact, this allegation is true because Susquehanna County was being represented by Attorney Robin Reed in the EEOC matters regarding Plaintiff Stoud and Maggie McNamara.

As such, it is submitted that Attorney Giangrieco was not the County's attorney for the EEOC matter and, as such, no such attorney-client privilege exists.

Assuming *arguendo* that attorney-client privilege does exist between Attorney Giangrieco and Susquehanna County, it would fall under the crime-fraud exception to attorney-client privilege.

It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the "seal of secrecy" between lawyer and client does not extend to communications "made for the purpose of getting advice for the commission of a fraud" or crime. Haines v. Liggett Group, Inc., 975 F.2d 81 (3rd Cir. 1992) (citing United States v. Zolin, 491 U.S. 554, 562-63 (1989)).

The Giangrieco Complaint states that documents prepared in the EEOC complaint response were false and inaccurate and did not reflect the facts given by Attorney Giangrieco and others   See Exhibit A at Paragraph 15.  The Giangrieco Complaint states that he and other employees saw the EEOC complaint response and knew said response was false.  See Exhibit A at Paragraph 16.  The Giangrieco Complaint states that he and other employees were asked to lie and to change statements previously made to protect Commissioner Arnold.  See Exhibit A at Paragraph 17.

Lying, changing statements, and falsifying documents would clearly constitute the commission of a fraud and/or crime.  Specifically, this would have been statements and documents related to responses to Plaintiff Stoud's and McNamara's EEOC Complaints.  As such, these actions would serve as an exception to the attorney-client privilege that would permit Attorney Giangrieco to testify at trial in this matter.

Finally, it can be argued that the Defendant waived its privilege. As recognized by the Third Circuit in Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414, 1423 (3d Cir. 1991), "voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the [attorney-client] privilege." 951 F.2d at 1424. "Thus, once a client has revealed privileged information to a third party, the basic justification for the privilege no longer applies." Id.; see Nationwide Mutual Ins. Co. v. Fleming, 605 Pa. 468, 992 A.2d 65, 68 (Pa. 2010)(discussing the same).

In this regard, federal courts have held that, under some circumstances, voluntary disclosure of a communication protected by the attorney-client privilege may result in waiver of the privilege for all communications pertaining to the same subject matter ("subject matter waiver"). E.g., Murray v. Gemplus Int'l, S.A., 217 F.R.D. 362, 367 (E.D. Pa. 2003).

Here, during the depositions of the Susquehanna County Commissioners, they voluntarily disclosed privileged communications thereby waiving attorney-client privilege. In Commissioner Hall's deposition, regarding an investigation of emails between the Plaintiff and Maggie McNamara spearheaded by Commissioners Warren and Arnold, he testified that "I brought our Solicitor in and he told them not to do it also." See Commissioner Halls' deposition attached hereto as **Exhibit A** at Page 45. Commissioner Hall also testified regarding

communications from Attorney Robin Reed related to Commissioner Arnold's treatment of the Plaintiff.  See **Exhibit A** at Page 46.  Commissioner Hall's deposition also contains disclosure of communications between himself, Attorney Giangrieco, and Commissioner Arnold regarding her treatment of the Plaintiff.  See **Exhibit A** at Pages 39-40.

Commissioner Warren also disclosed confidential communications.  She testified regarding communications Attorney Giangrieco made to Commissioner Arnold regarding her spreading rumors about the Plaintiff having an affair.  See Commissioner Warren's deposition attached hereto as **Exhibit B** at Page 42.  She also testified regarding advice from Attorneys Giangrieco and Reed concerning the email investigation discussed above.  See **Exhibit B** at Pages 54-55.

Since these voluntarily disclosures were made, with no objection by defense counsel, privilege was waived and it is submitted that all communications pertaining to the subject matter of Stoud's employment with Susquehanna County was also waived pursuant to the case law cited above.

## Conclusion

For the reasons set forth above, Defendant's motion in limine should be denied.

Respectfully Submitted:

/s/ Gerard M. Karam, Esquire
Bar I.D. # PA 49625

gmk@mkpvlaw.com

/s/ Christopher J. Szewczyk, Esquire
Bar I.D. # PA 306689
cjs@mkpvlaw.com

Date: August 27, 2020

## CERTIFICATE OF SERVICE

I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 27th day of August, 2020.

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire