IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STOUD | CIVIL ACTION |
| Plaintiff | |
| v. | |
| SUSQUEHANNA COUNTY | |
| Defendant | No. 3:17-CV-2183-MEM |

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT REPORT

**Facts**

Defendant filed a Motion in Limine to preclude the expert report and testimony of Plaintiff's human resources/management expert, Patricia Staples. Defendant claims that the expert report violates Federal Rule of Evidence 702, and that the expert's report and testimony contains credibility determinations and legal conclusions.

**Standard of Review**

A motion in limine is filed pre-trial and requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co., No. 2:10-cv-199, 2012 U.S. Dist. LEXIS 59068, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012). The purpose of a motion in limine is to bar "irrelevant,

1

inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" Id.

## Argument

Pursuant to Fed. R. Evid. 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: . . . (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

"Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008) (citing Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)) (internal citations omitted).

Rule 702 "has a liberal policy of admissibility." Pineda, 520 F.3d at 243 (3d Cir. 2008) (quoting Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)) (internal citations omitted).

Here, testimony of a human resources/management is relevant as human resources and management policies and procedures are factually at issue as it relates to the retaliatory actions of the Defendant and its agents in the employment

setting.  Ms. Staples has specialized knowledge that will help they jury understand evidence and determine a fact at issue – specifically the Defendant's conduct and actions toward the Plaintiff.  This knowledge base goes beyond the common sense and intellect of a lay juror, thereby making expert testimony necessary for juror comprehension.

The expert report of Patricia Staples is attached hereto as **Exhibit A**.  It is submitted that the highlighted sections of the report are appropriate areas of analysis by a human resources/management expert witness.  Specifically, those areas of the report where expert testimony is necessary to assist the jury are as follows:

- Derogatory comments made by Commissioner Arnold and Commissioner Warren referencing Stoud's personal appearance; how he interacted; and the fact that he's not from Susquehanna County;
- McNamara's performance not rising to a level where terminations is appropriate;
- The lack of no one-on-one communication of work expectations and/or the changing expectations as the expectations were not reviewed with Stoud and McNamara;
- That defense of a subordinate's work is not grounds for disciplinary action;
- A self-administered progressive discipline policy is not normal;

- Threats and ultimatums to Stoud that if he did not discipline McNamara, she would be fired.  This being an example of behavior that interferes with work or creates an intimidating, hostile, or offensive work environment;

- No legitimate business reasons exist to gain access to the emails of Stoud and McNamara;

- Arnold admitting she talked with Giangrieco, Conklin, and Krupinski about Stoud having an inappropriate relationship with McNamara, thereby undermining his authority;

- Arnold's actions indicating a limited understanding of basic management principals and circumventing the chain of command; and

- Arnold's personal dislike of Stoud and her actions towards him being reflective of her personal feelings as opposed to specific work-related issues.

As such, those sections should be admissible areas of the report, and Staples should be permitted to testify to the same.  Should Plaintiff introduce the report of Staples, it would redact the portions of her report that would not be permitted into evidence.

The Defendant will have an opportunity to cross-examine Ms. Staples regarding her testimony in this matter.  This will permit the jury to assess her testimony and give it the proper weight.

## Conclusion

For the reasons set forth above, Defendant's motion in limine should be denied.

Respectfully Submitted:

/s/ Gerard M. Karam, Esquire
Bar I.D. # PA 49625
gmk@mkpvlaw.com

/s/ Christopher J. Szewczyk, Esquire
Bar I.D. # PA 306689
cjs@mkpvlaw.com

Date: August 27, 2020

## **CERTIFICATE OF SERVICE**

    I, Gerard M. Karam, Esquire, hereby certify that I have served a true and correct copy of the foregoing document via electronic service/ECF system on the 27th day of August, 2020.

                                              /s/ Gerard M. Karam, Esquire
                                              Gerard M. Karam, Esquire