UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendant | : | |

### BRIEF IN OPPOSITION PLAINTIFF'S MOTION IN LIMINE TO PERMIT PLAINTIFF TO CALL MICHAEL GIANGRIECO AS A WITNESS AT TRIAL

Defendants, Susquehanna County, through its Attorneys, Kreder Brooks Hailstone LLP, hereby file the following Brief in Support of Motion in Limine:

I.   Argument

Plaintiff presents two arguments in support of his claim that the former County Solicitor of Susquehanna County can testify as a witness against his former client.

Fist, Plaintiff claims, without any legal support, that Attorney Giangrieco was not acting as the County's Attorney when providing advice to the Commissioners. Plaintiff opines that because defense counsel had been engaged to represent the County, Attorney Giangrieco was no longer the County's Solicitor.

1

This is not true. Giangrieco can not pick and choose when he is acting as the County's attorney and when he is acting as counsel. In fact, once the attorney-client relationship is established, only the client has the absolute right to terminate an attorney-client relationship for any reason. Richette v. Solomon, 410 Pa. 6, 187 A.2d 910, 917 (1963). Attorney Giangrieco has no right to pick and choose when, or whether, he is acting on the County's Attorney.

Second, Plaintiff seeks to have Attorney Giangrieco testify against his former client under the crime-fraud exception.

The United States Supreme Court has explained that the crime-fraud exception is a limit on the scope of attorney-client privilege, however, that limit is very narrow because the attorney-client privilege must necessarily protect the confidences of wrongdoers. United States v. Zolin, 491 U.S. 554, 562–63, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). To circumvent these privileges under the crime-fraud exception, the party seeking to overcome the privilege "must make a prima facie showing that (1) the client was committing or intending to commit a fraud or crime, and (2) the attorney-client communications were in furtherance of that alleged crime or fraud." In re Grand Jury, 705 F.3d 133, 153–54 (3d Cir. 2012).

The Third Circuit, in In Re Grand Jury, went on to state that it "would be

absurd to say that the privilege could be got rid of merely by making a charge of fraud." To defeat privilege, there must be something other than an accusation. Id. Only when evidence is supplied, will the seal of secrecy be broken. Id. Plaintiff has offered no evidence other than the statements of a disgruntled former employee of the Susquehanna County.

The Third Circuit has articulated that standard as: "Where there is a reasonable basis to suspect that the privilege holder was committing or intending to commit a crime or fraud and that the attorney-client communications or attorney work product were used in furtherance of the alleged crime or fraud" The reasonable basis standard "is intended to be reasonably demanding; neither speculation nor evidence that shows only a distant likelihood of corruption is enough." In re Grand Jury Proceedings, 417 F.3d at 23.

Plaintiff has supplied no basis for its claim that the crime fraud exception is applicable.

WHEREFORE, the Defendant, Susquehanna County, respectfully request the Court to issue an Order denying Plaintiff's Motion in Limine.

       Respectfully submitted,

       KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503   By /s/ A. James Hailstone
(570) 346-7922      A. James Hailstone
         Attorney I.D. #80055
         Attorneys for Susquehanna County

CERTIFICATE OF SERVICE

AND NOW, this 28th day of August, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Brief in Opposition with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

/s/ A. James Hailstone
A. James Hailstone
Attorney I.D. #80055
Attorneys for Defendant