IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD | : | CIVIL ACTON |
| Plaintiff | : | |
| vs. | : | |
| SUSQUEHANNA COUNTY | : | |
| Defendant | : | No. 3:17-CV-2183-MEM |

**PRE-TRIAL MEMORANDUM**

Date conference was held by counsel:


A.  A brief statement as to federal court jurisdiction.

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. The court can exercise supplemental jurisdiction over plaintiff's claims under PHRA pursuant to 28. U.S.C. § 1337.


B.  A summary statement of facts and contentions as to liability.

Background of the case was recently addressed in the Court's Memorandum and Order on Defendant's Summary Judgment Motion. Plaintiff claims he was subjected to a hostile work environment in retaliation for investigating and reporting an incident of sexual harassment.


C.  A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

All relevant facts are in dispute.

D.   A brief description of damages, including, where applicable:

(1) Principal injuries sustained:

Loss of past and future wages.

(2) Hospitalization and convalescence:

(3) present disability:

(4) Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:

(5) Estimated value of pain and suffering, etc:

(6) Special damage claims:

E.   Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

Patricia Staples – Expert Witness on Human Resources and Management
Robert Stoud
Maggie McNamara
Mary Ann Warren
Alan Hall
Jeanne Conklin – Human Resource Director
Michael Giangrieco
Lana Adams
Stephen Janoski

F.   Summary of testimony of each expert witness.

Patricia Staples will opine on how the actions of the Defendant comply with standard and appropriate human relations and management practices.

    G.    Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

        No comments.

    H.    A summary of legal issues involved and legal authorities relied upon.

        See Motions in Limine

    I.    Stipulations desired.

        None.

    J.    Estimated number of trial delays.

        3 – 4.

    K.    Any other matter pertinent to the case to be tried.

        No.

    L.    Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

        See attached.

    M.    Append any special verdict questions which counsel desires to submit.

        Standard questions are agreeable.

    N.    Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

        Agreed.

  O. Certificate must be filed a required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier off act.

  Agreed.

  P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.

  N/A.

Respectfully submitted:

_____
**Gerard M. Karam, Esq.**
*Attorney for Plaintiff, Robert Stoud*

# LIST OF EXHIBITS

**CASE CAPTION:** Robert Stoud v. Susquehanna County    **CASE NUMBER:** 3:17-2183 Civil

**MIDDLE DISTRICT OF PENNSYLVANIA**    **JUDGE:**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| X | | November 1, 2016 correspondence from Michael Giangrieco to Elizabeth Arnold used as Exhibit #1 in Mary Ann Warren deposition. Defendant object to the admission. | | | | all |
| X | | 12/30/2015 letter to Richard Ely from Robert Stoud used as Exhibit 1 in McNamara deposition. | | | | all |
| X | | 6/10/2016 letter from Stoud to Commissioners | | | | all |
| X | | 6/10/2016 letter from Stoud to Commissioners (re: McNamara) | | | | all |
| X | | 6/13/2016 letter from Stoud to Commissioners | | | | all |
| X | | Defendant's response to Stoud and McNamara EEOC Complaints. Defendant objects to admission. | | | | all |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |