UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendant | : | |

PRE-TRIAL MEMORANDUM OF
DEFENDANT SUSQUEHANNA COUNTY

A telephone conference was held between counsel on September 1, 2020.

   A. A brief statement as to Federal Court jurisdiction.

   Plaintiff's hostile work environment claim against Susquehanna County is advanced pursuant to Title VII of the Civil Rights Act of 1964.

   B. A summary statement of facts and contentions as to liability.

Defendant Susquehanna County:

   This is an action to recover damages for alleged violations of Plaintiff's constitutional rights under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA). Plaintiff alleges that at various times materially relevant to his claim he was employed as Chief Clerk of Susquehanna County, Chief County Detective of Susquehanna County and Director of Public Safety of Susquehanna County. He alleges that he participated in an investigation of sexual harassment and as a result he was in turn harassed.

   C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3.

   To be supplied by Plaintiff in his Pre-Trial Memo.

1

D. A brief description of damages:

    To be supplied by Plaintiff.

E. Names and addresses of witnesses:

    In accordance with Local Rule 16.3(b), Defendants disclosed the following witness list to Plaintiff on December 21, 2018:

    Witnesses for Defendant Susquehanna County:

    Commissioner Alan Hall
    c/o Susquehanna County

    Commissioner Elizabeth Arnold
    c/o Susquehanna County

    Kathy Ragard
    c/o Susquehanna County

    Sharon Depew
    c/o Susquehanna County

    Jean Conklin
    c/o Susquehanna County

    Stephen Janoski
    c/o Susquehanna County

    Lana Adams

    Mary Ann Warren

F.  Summary of testimony of each expert:

<u>Plaintiff</u>: Supplied by Plaintiff.

<u>Defendant Susquehanna County</u>: None.

G.     Special comments about pleadings and discovery:

Motions in Limine have been filed by both Plaintiff and Defendant. Plaintiff has sought testimony of the former County Solicitor under the crime/fraud exception to the attorney client privilege. Defendant contends that the exception is not applicable. Defendant also contends that, depending on the court's ruling on this issue, they may file a Mandamus action for review by the Third Circuit. See, Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992), as amended (Sept. 17, 1992)

H.     A summary of legal issues involved and legal authorities relied upon.

At issue regarding plaintiff's claims of retaliation and hostile work environment under Title VII and the PHRA are the following: 1) whether plaintiff suffered a tangible employment action; 2) whether the evidence shows a causal connection between the alleged hostile work environment and plaintiff's reporting of the sexual harassment incident by Ely and filing of his EEOC complaint and 3) whether plaintiff was constructively discharged by the County. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013).
In order to establish a retaliation claim in violation of Title VII, a plaintiff must prove a prima facie case by providing facts showing that: 1) he was engaged in a protected activity;2) he has suffered an adverse employment action based on exercise of the protected activity; and 3) there is a causal link between the protected activity and the adverse employment action. <u>Hussein v. UPMC Mercy Hosp.</u>, 466 F. App'x 108, 111 (3d Cir. 2012)
Further, plaintiff must show a causal connection between his participation in a protected activity and the adverse employment action. Id.
Similarly, Under the PHRA, to succeed on a hostile work environment claim against the employer, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his protected characteristic; 2) the discrimination was severe or pervasive; 3) the discrimination detrimentally

3

affected the plaintiff; 4) the discrimination would detrimentally affect a reasonable person in like circumstances; and 5) the existence of respondeat superior liability.

    I.         Stipulations desired.

  None.

    J.         Estimated number of trial days.

Defendant Susquehanna County estimates 4 days total for trial.

    K.        Any other matters pertinent to the case to be tried.

    Defendant Susquehanna County has filed motions in limine, which are pending decision by the Court. Plaintiff has also filed motions in limine

    L.         Schedule of Exhibits.

  <u>Defendant</u>:  Attached.

    M.        Special Verdict Questions.

    None.  A general verdict slip will be supplied in accordance with the Court's scheduling order.

    N.  Statement of Defense Counsel.

    The undersigned certifies compliance with Local Rule 16.2.

    O.  Certificate required under Local Rule 30.10.

    The undersigned counsel certify that, except for the issues raised in motions *in limine*, no further issues exist that would require counsel to confer and review

depositions in an effort to resolve issues not necessary for consideration of the trier of fact.

P.	Nonjury trial findings.

Not applicable.

Respectfully submitted,<br>KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200  
Scranton, PA 18503    By  /s/ A. James Hailstone  
(570) 346-7922    A. James Hailstone  
     Attorney I.D. #80055  
     Attorneys for Susquehanna County

## CERTIFICATE OF SERVICE

AND NOW, this 17th day of September, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Trial Brief with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

      /s/ A. James Hailstone
      A. James Hailstone
      Attorney I.D. #80055
      Attorneys for Defendant