IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD | : | CIVIL ACTON |
| Plaintiff | : | |
| vs. | : | |
| SUSQUEHANNA COUNTY | : | |
| Defendant | : | No. 3:17-CV-2183-MEM |

### PLAINTIFF'S PROPOSED POINTS FOR CHARGE

## 5.1.4  Elements of a Title VII Action — Harassment — Hostile Work Environment — Tangible Employment Action

### Model

Plaintiff Stoud claims that he was subjected to harassment by Elizabeth Arnold and/or Mary Ann Warren and that this harassment was motivated by plaintiff's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint.

Susquehanna County is liable for the actions of Elizabeth Arnold and/or Mary Ann Warren in plaintiff's claim of harassment if plaintiff proves all of the following elements by a preponderance of the evidence:

First: Plaintiff was subjected to a hostile work environment and retaliation by Elizabeth Arnold and/or Mary Ann Warren.

Second: Arnold's and/or Warren's conduct was not welcomed by plaintiff.

Third: Arnold's and/or Warren's conduct was motivated by the fact that Stoud participated in protected activity by investigating and reporting a sexual harassment claim and filing an EEOC complaint.

Fourth: The conduct was so severe or pervasive that a reasonable person in Stoud's position would find Stoud's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable person in Stoud's protected class reaction to Stoud's work environment.

Fifth: Stoud believed his work environment to be hostile or abusive as a result of Arnold's and/or Warren's conduct.

Sixth: Stoud suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.

**<u>Defense counsel concurs</u>**

### 5.1.7   Elements of a Title VII Claim — Retaliation Model

Stoud claims that Susquehanna County, through its employees, Mary Ann Warren and/or Elizabeth Arnold discriminated against him because of Stoud's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint.

To prevail on this claim, Stoud must prove all of the following by a preponderance of the evidence:

First: Stoud participated in protected activity by investigating and reporting a sexual harassment claim and filing an EEOC complaint.

Second: Stoud was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between the undermining of Stoud's authority, harassing him, and spreading rumors about him and Stoud's investigating and reporting a sexual harassment claim and filing an EEOC complaint.

Concerning the first element, Stoud need not prove the merits of his investigating and reporting a sexual harassment claim and filing an EEOC complaint., but only that he was acting under a reasonable,[1] good faith belief that Stoud's or someone else's right to be free from discrimination on the basis of sex was violated.

Concerning the second element, the term "materially adverse" means that Stoud must show the undermining of his authority, harassing him, and spreading rumors about him was serious enough that it well might have discouraged a reasonable worker from investigating and reporting a sexual harassment claim and filing an EEOC complaint.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is Susquehanna County's action followed shortly after it became aware of Plaintiff's investigating and reporting a sexual harassment claim and filing an EEOC complaint.  Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Stoud or a change in demeanor toward Stoud.

Ultimately, you must decide whether Stoud's investigating and reporting a sexual harassment claim and filing an EEOC complaint had a determinative effect on undermining his authority, harassing him, and spreading rumors about him.  "Determinative effect" means that if not for Stoud's investigating and reporting a sexual harassment claim and filing an EEOC complaint, the undermining of his authority, harassing him, and spreading rumors about him would not have occurred.

---

[1] See the Comment for a discussion of the allocation of responsibility for determining the reasonableness of the plaintiff's belief.

**Defense counsel objects**

## 5.2.1   Title VII Definitions — Hostile or Abusive Work Environment

**Model**

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Stoud's work area.

- The degree and type of language and insult that filled the environment before and after Stoud arrived.

- The reasonable expectations of Stoud upon entering the environment.

- The frequency of the offensive conduct.

- The severity of the conduct.

- The effect of the working environment on Stoud's mental and emotional well-being.

- Whether the conduct was unwelcome, that is, conduct Stoud regarded as unwanted or unpleasant.

- Whether the conduct was pervasive.

- Whether the conduct was directed toward Stoud

- Whether the conduct was physically threatening or humiliating.

- Whether the conduct was merely a tasteless remark.

- Whether the conduct unreasonably interfered with Stoud's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Stoud was harassed because of his investigating and reporting a sexual harassment claim and filing an EEOC complaint. The harassing conduct may, but need not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's investigating and reporting a sexual harassment claim and filing an EEOC complaint. The key question is whether Stoud, as a member of protected class investigating and reporting a sexual harassment claim and filing an EEOC complaint, was subjected to harsh employment conditions

to which those outside the protected class were not.

It is important to understand that, in determining whether a hostile work environment existed at the Susquehanna County's workplace you must consider the evidence from the perspective of a reasonable person investigating and reporting a sexual harassment claim and filing an EEOC complaint in the same position. That is, you must determine whether a reasonable person investigating and reporting a sexual harassment claim and filing an EEOC complaint would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable person investigating and reporting a sexual harassment claim and filing an EEOC complaint. The reasonable person investigating and reporting a sexual harassment claim and filing an EEOC complaint is simply one of normal sensitivity and emotional make-up.

**Defense counsel concurs**

### 5.2.2   Title VII Definitions — Constructive Discharge

**Model**

In this case, to show that he was subjected to an adverse "tangible employment action," Stoud claims that he was forced to resign due to Mary Ann Warren's and/or Elizabeth Arnold's discriminatory conduct. Such a forced resignation, if proven, is called a "constructive discharge." To prove that he was subjected to a constructive discharge, Stoud must prove that working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign.

**<u>Defense counsel concurs</u>**

## 5.4.1   Title VII Damages — Compensatory Damages — General Instruction

# Model

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Susquehanna County should be held liable.

If you find by a preponderance of the evidence that Susquehanna County intentionally discriminated against Stoud by undermining his authority, harassing him, and spreading rumors about him, then you must consider the issue of compensatory damages. You must award Stoud an amount that will fairly compensate him for any injury he actually sustained as a result of Susquehanna County's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Stoud in the position he would have occupied if the discrimination had not occurred. Stoud has the burden of proving damages by a preponderance of the evidence.

Stoud must show that the injury would not have occurred without Susquehanna County's act. Plaintiff must also show that Susquehanna County's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Susquehanna County's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Susquehanna County's actions were motivated by discrimination. In other words, even assuming that Susquehanna County's actions were motivated by discrimination, Stoud is not entitled to damages for an injury unless Susquehanna County's discriminatory actions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Stoud experienced as a consequence of Susquehanna County's creation of a hostile work environment and retaliation. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Stoud would have earned, either in the past or in the future, if he had continued in employment with Susquehanna County These elements of recovery of wages that Stoud would have received from Susquehanna County are called "back pay" and "front pay".

"Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that Stoud may suffer in the future as a result of Susquehanna County's creation of a hostile work environment and retaliation. For example, you may award damages for loss of earnings resulting from any harm to Stoud's reputation that was suffered as a result of Susquehanna County's creation of a hostile work environment and retaliation. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Stoud would have earned in the future from Susquehanna County if he had retained the job.

As I instructed you previously, Stoud has the burden of proving damages by a preponderance of the evidence. But the law does not require that Stoud prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

[You are instructed that Stoud has a duty under the law to "mitigate" his damages--that means that Stoud must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Susquehanna County. It is Susquehanna County's burden to prove that Stoud has failed to mitigate. So if Susquehanna County persuades you by a preponderance of the evidence that Stoud failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Stoud's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.]

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Defense counsel objects**

## 5.4.2    Title VII Damages — Punitive Damages

**Model**

Stoud claims the acts of Susquehanna County were done with malice or reckless indifference to Stoud's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Susquehanna County personally acted with malice or reckless indifference to Stoud's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Susquehanna County. You should also consider whether actual damages standing alone are sufficient to deter or prevent Susquehanna County from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Susquehanna County may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Susquehanna County should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Susquehanna County or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Susquehanna County, you may consider the financial resources of Susquehanna County in fixing the amount of those damages.

**Defense counsel objects**

### 5.4.3   Title VII Damages – Back Pay— For Advisory or Stipulated Jury

**Model**

If you find that Susquehanna County intentionally discriminated against Stoud in undermining his authority, harassing him, and spreading rumors about him then you must determine the amount of damages that Susquehanna County's actions have caused Stoud. Stoud has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Stoud for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Stoud would have received from Susquehanna County had Plaintiff not been the subject of Susquehanna County's intentional discrimination.

You must reduce any award by the amount of the expenses that Stoud would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Stoud has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

[You are further instructed that Stoud has a duty to mitigate his damages--that is Stoud is required to make reasonable efforts under the circumstances to reduce his damages. It is Susquehanna County's burden to prove that Stoud has failed to mitigate. So if Susquehanna County persuades you, by a preponderance of the evidence, that Stoud failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Stoud reasonably would have earned if he had obtained those opportunities.]

**Defense counsel objects**

### 5.4.4 Title VII Damages — Front Pay — For Advisory or Stipulated Jury

## Model

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Stoud would reasonably have earned from Susquehanna County had Stoud not been constructively discharged for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Stoud will receive from other employment during that time. Stoud has the burden of proving these damages by a preponderance of the evidence.

If you find that Stoud is entitled to recovery of future earnings from Susquehanna County, then you must reduce any award by the amount of the expenses that Stoud would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that Stoud could earn on the amount of the award if he made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Stoud if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Stoud can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Stoud can earn on that amount in the future.

**Defense counsel concurs**

## 5.4.5   Title VII Damages — Nominal Damages

## Model

If you return a verdict for Stoud, but Stoud has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

**Defense counsel concurs**

Respectfully submitted:

*Gerard M. Karam*

_____
**Gerard M. Karam, Esq.**
*Attorney for Plaintiff*