UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STOUD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, | : | NO. 3:17-CV-2183-MEM |
| | : | |
| Defendant | : | |

## DEFENDANT SUSQUEHANNA COUNTY'S PROPOSED JURY INSTRUCTIONS

1. Preliminary Instructions — Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

1

(7) any other factors that bear on believability.


Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 1.7 Preliminary Instructions—Credibility of Witnesses*

Plaintiff's Counsel concur

2.  Preliminary Instructions — Preponderance of the Evidence

This is a civil case. Robert Stoud is the party who brought this lawsuit. Susquehanna County is the party against whom the lawsuit was filed. Robert Stoud has the burden of proving his case by what is called the preponderance of the evidence.  That means Robert Stoud has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Robert Stoud and the evidence favorable to Susquehanna County on opposite sides of the scales, Robert Stoud would have to make the scales tip somewhat on his side.  If Robert Stoud fails to meet this burden, the verdict must be for Susquehanna County. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Susquehanna County has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Susquehanna County has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.


Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 1.10 Preliminary Instructions— Preponderance of the Evidence*

Plaintiff's Counsel concur

3. <u>Elements of a Title VII Claim — Retaliation Model</u>

Robert Stoud claims that Susquehanna County discriminated against him because of Stoud's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint.

To prevail on this claim, Stoud must prove all of the following by a preponderance of the evidence:

First: Stoud investigated and report of a sexual harassment claim and/or filed an EEOC complaint.

Second: Stoud was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between the alleged harassment and Stoud's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint.

Concerning the first element, Stoud need not prove the merits of his investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint, but only that he was acting under a reasonable,[1] good faith belief that Stoud's or someone else's right to be free from discrimination on the basis of sex was violated.

Concerning the second element, the term "materially adverse" means that Stoud must show the alleged harassment was serious enough that it well might have discouraged a reasonable worker from the investigation and report of a sexual harassment claim and/or filing of an EEOC complaint

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is Susquehanna's action followed shortly after it became aware of Stoud's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Stoud or a change in demeanor toward Stoud.

Ultimately, you must decide whether Stoud's investigation and report of a

---

[1] See the Comment for a discussion of the allocation of responsibility for determining the reasonableness of the plaintiff's belief.

sexual harassment claim and/or his filing of an EEOC complaint had a determinative effect on the alleged harassment.  "Determinative effect" means that if not for Stoud's investigation and report of a sexual harassment claim and/or his filing of an EEOC complaint the alleged harassment would not have occurred.

Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.1.7 Elements of a Title VII Claim — Retaliation Model*

Plaintiff's Counsel concur

4. <u>Title VII Damages — Compensatory Damages — General Instruction</u>

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Susquehanna County should be held liable.

If you find by a preponderance of the evidence that Susquehanna County intentionally discriminated against Robert Stoud by allowing a hostile work environment, then you must consider the issue of compensatory damages.  You must award Robert Stoud an amount that will fairly compensate him for any injury he actually sustained as a result of Susquehanna County's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Robert Stoud in the position he would have occupied if the discrimination had not occurred. Robert Stoud has the burden of proving damages by a preponderance of the evidence.

Robert Stoud must show that the injury would not have occurred without Susquehanna County's act. Robert Stoud must also show that Susquehanna County's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Susquehanna County's act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Susquehanna County's acts were motivated by discrimination. In other words, even assuming that Susquehanna County's acts were motivated by discrimination, Robert Stoud is not entitled to damages for an injury unless Susquehanna County's discriminatory acts actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Robert Stoud experienced as a consequence of Susquehanna County's allowing a hostile work environment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you

make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Robert Stoud would have earned, either in the past or in the future, if he had continued in employment with Susquehanna County. These elements of recovery of wages that Robert Stoud would have received from Susquehanna County are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the court.

You may award damages for monetary losses that Robert Stoud may suffer in the future as a result of Susquehanna County's allowing a hostile work environment.

As I instructed you previously, Robert Stoud has the burden of proving damages by a preponderance of the evidence. But the law does not require that Robert Stoud prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Robert Stoud has a duty under the law to "mitigate" his damages--that means that Robert Stoud must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Susquehanna County.  It is Susquehanna County's burden to prove that Robert Stoud has failed to mitigate.  So if Susquehanna County persuades you by a preponderance of the evidence that Robert Stoud failed to take advantage of an opportunity that was reasonably available to him then you must reduce the amount of Robert Stoud's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.


Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.4.1 Title VII Damages—Compensatory Damages — General Instruction*

Plaintiff's Counsel object

5. <u>Title VII Damages — Nominal Damages</u>

If you return a verdict for Robert Stoud, but Robert Stoud has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Approved_____ Denied_____ Approved as Modified_____

Authority: *Model Third Circuit Instructions, 5.4.5 Title VII Damages — Nominal Damages*

Plaintiff's Counsel concur

Respectfully submitted,
KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503            By _/s/ A. James Hailstone
(570) 346-7922                A. James Hailstone
                             Attorney I.D. #80055
                             Attorneys for Susquehanna County

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 18th day of September, 2020, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing Proposed Jury Instructions with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address(es):

Gerard M. Karam, Esquire
Mazzoni, Karam, Petorak & Valvano
321 Spruce Street, Suite 201
Scranton, PA 18503
570-348-0776
gkaram18@msn.com
*ATTORNEYS FOR PLAINTIFF*

        <u>/s/ A. James Hailstone</u>
        A. James Hailstone
        Attorney I.D. #80055
        Attorneys for Defendant